BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (Bar No. 077785)
L. Timothy Fisher (Bar No. 191626)
Kathryn A. Schofield (Bar No. 202939)
2125 Oak Grove Road, Suite 120
Walnut Creek, California  94598
Telephone: (925) 945-0200
Facsimile:  (925) 945-8792

SCHIFFRIN & BARROWAY LLP
Eric L. Zagar
Sandra G. Smith
280 King of Prussia Road
Radnor, PA  19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JAMES JUENGLING, Derivatively on Behalf of Nominal Defendant ATMEL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GEROGE PERLEGOS, GUST PERLEGOS, TSUNG-CHING WU, KRIS CHELLAM, JACK PECKHAM, DONALD COLVIN, B. JEFFREY KATZ, MIKES N. SISOIS, FRANCIS BARTON, T. PETER THOMAS, CHAIHO KIM, DAVID SUGUSHITA, and PIERRE FOUGERE,<br><br>Defendants,<br><br>and<br><br>ATMEL CORPORATION,<br><br>Nominal Defendant. | Case No. C06-04592 JF<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL**<br><br>Date:        October 20, 2006<br>Time:        9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge:       Jeremy Fogel |

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD
PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL
CASE NO. C06-04592 JF
48459

1    *To Be Consolidated With*

2

3    KENNETH KELLEY, Derivatively on Behalf of        Case No. C06-04680 RS
     Nominal Defendant ATMEL CORPORATION,

4                                         Plaintiff,

5           v.

6    GEORGE PERLEGOS, GUST PERLEGOS,
     TSUNG-CHING WU, KRIS CHELLAM, JACK
7    PECKHAM, DONALD COLVIN, B. JEFFREY
     KATZ, MIKES N. SISOIS, FRANCIS
8    BARTON, T. PETER THOMAS, CHAIHO
     KIM, DAVID SUGUSHITA, and PIERRE
9    FOUGERE,

10                                        Defendants,

11          and

12   ATMEL CORPORATION,

13                              Nominal Defendant.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD
PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL
CASE NO. C06-04592 JF
49459

1 **TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2      **PLEASE TAKE NOTICE** that on October 20, 2006, 2006 at 9:00 a.m., or as soon

3 thereafter as the matter may be heard, before the Honorable Jeremy Fogel, United States District

4 Judge, Derivative Plaintiffs James Juengling and Kenneth Kelly will, and hereby do, move this

5 Court for an order: (i) consolidating all related derivative actions against Nominal Defendant

6 Atmel Corporation ("Atmel"); and (ii) appointing Lead Plaintiff, Lead and Liaison Counsel as a

7 leadership structure for the consolidated derivative action.

8                          **I.  INTRODUCTION**

9      Derivative Plaintiffs James Juengling ("Mr. Juengling") and Kenneth Kelly ("Mr. Kelly")

10 (collectively, "Derivative Plaintiffs") submit this motion to consolidate the above-captioned related

11 shareholder derivative actions and to appoint Messrs. Juengling and Kelly as Lead Plaintiffs,

12 appoint their counsel, Schiffrin & Barroway, LLP ("Schiffrin & Barroway") as Lead Counsel, and

13 appoint Bramson, Plutzik, Mahler & Birkhaeuser, LLP as Liaison Counsel in the consolidated

14 derivative action.

15      Mr. Juengling filed the first shareholder derivative action on behalf of Atmel in this

16 District, and shortly thereafter, Mr. Kelly filed his derivative action based upon the same factual

17 allegations. Both Messrs. Juengling and Kelly have evidenced their standing to bring these actions

18 based upon their verifications attached to their complaints regarding their holding of Atmel stock at

19 the relevant times. Consolidation of all related derivative actions filed after Mr. Juengling's

20 complaint is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure. Moreover,

21 Derivative Plaintiffs submit that once these matters are consolidated, the appointment of Lead

22 Plaintiffs, Lead Counsel, and Liaison Counsel is warranted. To that end, Derivative Plaintiffs

23 respectfully request that Messrs. Juengling and Kelly be appointed as Lead Plaintiffs and their

24 counsel, Schiffrin & Barroway, be appointed as Lead Counsel and Bramson, Plutzik, Mahler &

25 Birkhaeuser, LLP be appointed as Liaison Counsel.

26                 **II.  BACKGROUND AND PROCEDURAL HISTORY**

27      On July 27, 2006, Mr. Juengling filed the first shareholder derivative complaint in the right

28 of, and for the benefit of, Atmel against certain members of its Board of Directors and certain of its

---

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD       1
PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL
48459

1    executive officers (collectively, "Defendants") to remedy Defendants' breaches of fiduciary duties

2    and other violations of law which have caused damage to Atmel.  As alleged in detail in Mr.

3    Juengling's Shareholder Derivative Complaint ("the Complaint"), this action arises out of

4    Defendants' conduct of authorizing, or through their abdication, permitting, the back-dating of

5    stock option grants to Atmel's top executives ("the Officer Defendants") at the expense of Atmel

6    and its shareholders.

7        A review of the stock options granted to the Officer Defendants from 1997 to 2004

8    indicates that their options were dated and purportedly exercised on days when Atmel stock traded

9    at historically low prices, and immediately before dramatic stock increases.  The likely explanation

10   for this pattern is that the stock options had been backdated.  This practice violated Atmel's stock

11   option plan, which provided that option grants be priced at no less than the closing price of Atmel

12   stock on the date of the grant, and also violated Defendants fiduciary duties and unjustly enriched

13   the Officer Defendants.

14       On August 3 2006, Mr. Kelly filed a separate complaint with virtually identical factual

15   allegations, alleging the same or similar causes of action against the same or similar defendants.

16   Derivative Plaintiffs now move to consolidate these related shareholder derivative actions, to

17   appoint Messrs. Juengling and Kelly as Lead Plaintiffs, and to have their counsel, Schiffrin &

18   Barroway, appointed as Lead Counsel and Bramson, Plutzik, Mahler & Birkhaeuser, LLP

19   appointed as Liaison Counsel.  Counsel for both of the Derivative Plaintiffs have met and

20   conferred, and agree on the proposals outlined in the instant motion.

21       **III.  THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS**

22       The Derivative Plaintiffs request that the following actions (hereafter, collectively referred

23   to as "the Related Derivative Actions") be consolidated:

| Case Name | Case No. | Filing Date |
| --- | --- | --- |
| *James Juengling v. Perlegos, et. al.* | C-06-4592 | July 27, 2006 |
| *Kenneth Kelly v. Perlegos, et. al.* | C-06-4680 | Aug. 3, 2006 |

1    The consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of

2    Civil Procedure which provides:

>    When actions involving a common question of law or fact are pending
>    before the court, it may order a joint hearing or trial of any or all the matters
>    in issue in the actions; it may order all the actions consolidated; and it may
>    make such orders concerning proceedings therein as may tend to avoid
>    unnecessary costs or delay.

6    Fed.R.Civ.P. 42(a). *See also Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS

7    18009 at *7 (N.D. Cal. 2003) (Rule 42(a) empowers the court to consolidate "actions involving a

8    common question of law or fact"). This Court has broad discretion under this rule to consolidate

9    cases pending within the District. *Abate v. Lewis*, 1996 U.S. App. LEXIS 639, at * 16 (9th Cir.

10   1996) (citations omitted).

11       Here, consolidation of the Related Derivative Actions has been agreed upon by the

12   Derivative Plaintiffs and is warranted as both of these actions are dependant on proof of the same

13   facts; specifically, whether Atmel's Board of Directors improperly authorized the backdating of

14   stock options awarded to top company executives. Since the Related Derivative Actions currently

15   pending before this Court present virtually identical factual and legal issues, involve the exact same

16   defendants and will involve the same discovery, consolidation is appropriate.[1] *See, Rendon v. City*

17   *Of Fresno,* 2006 U.S. Dist. LEXIS 41140, at * 17 (E.D. Ca. June 2, 2006) (two civil rights cases

18   alleging police use of excessive force were consolidated even though there would be different

19   factual issues at trial); *See also Millman*, 2004 U.S. Dist. LEXIS 20113, at *7 (consolidating

20   derivative actions where the same defendants were alleged to have committed the same acts and

21   caused the same damage to the same company during the same time period). Indeed, if not

22   consolidated, the ensuing separate derivative actions will result in virtually identical discovery

23   requests, motions practice, and the like, and will thus cause an unnecessary drain on judicial

24   resources.

25       Moreover, Defendants will suffer no prejudice by litigating one consolidated action rather

26   than two separate suits. Indeed, consolidation would ensure that this litigation, brought for the

27   ────────────

[1] Furthermore, consolidation of any later filed similar shareholder derivative actions brought on
28   behalf of Atmel is also appropriate. *See, Millman v. Brinkley,* 2004 U.S. Dist. LEXIS 20113, at *7
     (N.D. Ga. Oct. 1, 2004).

benefit of the Company, is disposed of in the most cost-effective manner for the Company. *See Millman,* 2004 U.S. Dist. LEXIS 20113, at *7 (consolidation of derivative actions is particularly appropriate because the "cost of defending these multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought"). Consolidation would therefore inure to the benefit of all parties involved.

## IV. MESSRS. JUENGLING AND KELLY SHOULD BE APPOINTED AS LEAD PLAINTIFFS

As the Supreme Court recognized in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541 (1949), a plaintiff who leads a shareholder's derivative suit occupies a position "of a fiduciary character," in which "[t]he interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom and integrity." *Id.* Additionally, Rule 23.1 of the Federal Rules of Civil Procedure provides that a plaintiff must fairly and adequately represent the interests of the shareholders in enforcing the rights of the corporation. Thus, when considering the appointment of lead plaintiffs in shareholder derivative actions, courts look to which movant will adequately serve the interests of the derivative plaintiffs and the nominal defendant. *Millman,* 2004 U.S. Dist. LEXIS 20113, at *8; *Dollens v. Zionts* 2001 U.S. Dist. LEXIS 19966, at *5 (N.D. Ill. Dec. 4, 2001) ("courts should appoint derivative plaintiff that's likely to benefit the plaintiffs the most").

Mr. Juengling and Mr. Kelly clearly satisfy these criteria, as they have been long-term holders of Atmel stock and currently maintain their shares of Atmel. Moreover, both shareholders have taken significant steps in order to protect the best interests of Atmel and its shareholders. For instance, Messrs. Juengling and Kelly directed their counsel to file the first two derivative complaints against Defendants, taking the initiative to hold Defendants accountable for their misconduct of backdating stock options granted to top executives at the expense of the Company - a factor which weighs in favor of appointing them as Lead Plaintiffs. *See Millman,* 2004 U.S. Dist. LEXIS 20113 at *9 (noting that subsequently filed cases used the first-filed case as a template, which underscored the quality of the first complaint); *Dollens,* 2001 U.S. Dist. LEXIS 19966, at * 19-20 (appointing plaintiff who filed first complaint as Lead Plaintiff); *See also, Church of Scientology v. United States Dep't. of the Army,* 611 F.2d 738, 750 (9th Cir. 1979) ("The first-to-

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL
48459

4

file rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly.")(citations omitted); *Orthman v. Apple River Campground*, 765 F.2d 119, 121 (8th Cir. 1985 )(same); *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993)(absent compelling circumstances, the first-filed action should take precedence).

Mr. Juengling and Mr. Kelly clearly satisfy these criteria, as they have been long-term holders of Atmel stock and currently maintain their shares of Atmel. Moreover, both shareholders have taken significant steps in order to protect the best interests of Atmel and its shareholders. For instance, Messrs. Juengling and Kelly directed their counsel to file the first two derivative complaints against Defendants, taking the initiative to hold Defendants accountable for their misconduct of backdating stock options granted to top executives at the expense of the Company - a factor which weighs in favor of appointing them as Lead Plaintiffs. *See Millman,* 2004 U.S. Dist. LEXIS 20113 at *9 (noting that subsequently filed cases used the first-filed case as a template, which underscored the quality of the first complaint); *Dollens,* 2001 U.S. Dist. LEXIS 19966, at * 19-20 (appointing plaintiff who filed first complaint as Lead Plaintiff); *See also, Church of Scientology v. United States Dep't. of the Army,* 611 F.2d 738, 750 (9th Cir. 1979) ("The first-to-file rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly.")(citations omitted); *Orthman v. Apple River Campground*, 765 F.2d 119, 121 (8th Cir. 1985 )(same); *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993)(absent compelling circumstances, the first-filed action should take precedence).

## V.    THE COURT SHOULD APPOINT THE DERIVATIVE PLAINTIFFS' CHOICE OF LEAD AND LIAISON COUNSEL

### A.    Appointment of Lead Counsel is Necessary to Effectively Prosecute the Consolidated Action

A court which has consolidated actions may at its discretion, appoint Lead Counsel and Liaison Counsel to prosecute the consolidated cases. Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2385 (2d ed. 1987) *cited in Walker v. Deutsche Bank, AG,* 2005 U.S. Dist. LEXIS 19776, at * 8 (S.D.N.Y. Sept. 6, 2005). *MacAlister v. Guterma,* 263 F.2d 65 (2d Cir. 1958) is the seminal case on this point. In that case, the Second Circuit recognized that "[t]he benefits achieved by consolidation and the appointment of general counsel, i.e. elimination of

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL
48459

5

duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation." *Id.* at 69.

The Ninth Circuit has explicitly endorsed this reasoning. *See Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977) (affirming district court's appointment of Lead Counsel, stating that "[t]he authority recognized in *MacAlister* has never been seriously disputed"). Moreover, the *Manual for Complex Litigation* recognizes the benefits of appointing Lead Counsel in complex, multiparty litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

*Manual for Complex Litigation* (Fourth) §10.22 (2004).

## 1. Schiffrin & Barroway Should be Appointed as Lead Counsel

In selecting Lead Counsel, the "guiding principle" is who will "best serve the interest of the plaintiffs." *Millman*, 2004 U.S. Dist. LEXIS 20113, at * 9. The criteria for selecting counsel include factors such as "experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of proceedings in a particular suit, and the nature of the causes of action alleged." *Id.* (citations omitted). In addition, courts have also considered the quality of the pleadings that have been filed as a factor to be weighed. *Id.* Each of these factors weighs in favor of appointing Schiffrin & Barroway as Lead Counsel.

### a. *Schiffrin & Barroway's Experience and Prior Success is Unassailable*

Schiffrin & Barroway is a Martindale Hubbell "AV" rated law firm which has focused its practice in the securities fraud class action and shareholder derivative areas over the past 20 years. *See* Schiffrin & Barroway Firm Biography.[2] With more than 60 attorneys specializing in complex

---

[2] Attached hereto as Exhibit A to the Declaration of Robin Winchester in Support of Motion Consolidate Related Cases, and to Appoint Lead Plaintiffs, Lead Counsel and Liaison Counsel ("Winchester Decl.").

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL
48459

6

1   shareholder litigation, Schiffrin & Barroway has served as Lead or Co-Lead Counsel in numerous

2   securities and complex litigation matters, including serving as Lead or Co-Lead Counsel in more

3   than 150 shareholder derivative actions in state and federal courts across the country.  In addition

4   to the significant recoveries that Schiffrin & Barroway has achieved on behalf of shareholders in

5   securities fraud cases, they have had similar success in shareholder derivative litigation.

6   As Lead Counsel in *Klotz v. Parfet, et al.*, Case No. 03-06483-CK (Jackson County, MI

7   2001), Schiffrin & Barroway achieved a settlement in which CMS Energy Corporation recovered a

8   cash payment of $12 million from its directors' and officers' liability insurance and instituted a

9   comprehensive overhaul of the Company's corporate governance program.  Among other things,

10  CMS:

11  • added five new independent directors, reconstituted the committees of the board of

12  directors, and separated the roles of Chairman and CEO;

13  • created the position of Chief Compliance Officer to oversee and administer the

14  Company's ethics and corporate compliance program;

15  • enhanced the responsibilities and procedures of the Audit Committee;

16  • adopted an enhanced insider trading policy and stock ownership guidelines for

17  officers and directors; and

18  • reformed the Company's executive compensation practices by eliminating the use of

19  stock options and instituting new performance criteria for cash bonuses.

20  As Lead Counsel in *In re Fairchild Corp. Shareholder Derivative Litigation*, Consol. C.A.

21  No. 871-N (Del. Ch. 2004), Schiffrin & Barroway recovered a cash payment of $3.76 million from

22  Fairchild's Chairman/CEO and the Company's directors' and officers' liability insurance and

23  instituted a broad array of corporate governance enhancements.  Among other things, Fairchild:

24  • added two new independent directors and adopted policies increasing the

25  responsibilities of the independent members of the board;

26  • created a new Oversight Committee to oversee and pre-approve related-party

27  transactions; and

28

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD
PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL
48459

7

1

- reformed the Company's executive compensation practices by requiring that regular

2
and bonus compensation be directly related to the Company's performance and

3
prohibiting senior executives from receiving non-compete and consulting payments.

4
These are but a few examples of many in which Schiffrin & Barroway, serving in a Lead Counsel

5
capacity, achieved outstanding results for shareholders in complex derivative shareholder litigation.

6
        b.   *Schiffrin & Barroway Has Been A Pioneer In*

7
*Prosecuting Options Backdating Cases*

8
      By way of further example of the firm's commitment to vigorously serving the interests of

9
shareholders, Schiffrin & Barroway has taken the lead in several high-profile options backdating

10
cases.  For instance, as in the instant matter, in *In re Linear Technology Corporation Derivative*

11
*Litigation,* Case No. c-06-3290, Schiffrin & Barroway filed a complaint on behalf of a shareholder

12
who made the same kind of allegations as in the instant matter; specifically, that the Board of

13
Directors improperly authorized the backdating of stock options awarded to top executives.  One

14
month after Schiffrin & Barroway initiated litigation, the SEC followed suit and subpoenaed

15
documents related to the Company's past practices of granting stock options.  The Honorable Judge

16
Maxine Chesney appointed Schiffrin & Barroway to serve as sole Lead Counsel in that action.

17
*See, In re Linear Technology Corporation Derivative Litigation,* Case No. c-06-3290 (June 13,

18
2006 order signed by Judge Chesney consolidating cases and appointing Schiffrin & Barroway as

19
Lead Counsel) (attached as Exhibit B to Winchester Decl.).  Schiffrin & Barroway has also been

20
appointed to serve as Lead or Co-Lead Counsel in several other stock option backdating derivative

21
actions, including *In re McAfee, Inc. Derivative Litigation*, Master File No. 5:06-cv-03494-JF

22
(N.D. Cal.)(July 12, 2006 order signed by Judge Fogel consolidating cases and appointing Schiffrin

23
& Barroway as Co-Lead Counsel) (attached as Exhibit C to Winchester Decl.); and *In re CNET*

24
*Networks, Inc. Derivative Shareholder Action*, Master File No. CGC-06-452728 (San Francisco

25
County, CA)(July 10, 2006 order signed by Judge Busch consolidating cases and appointing

26
Schiffrin & Barroway as Co-Lead Counsel)(attached as Exhibit D to Winchester Decl.).

27
      In sum, Schiffrin & Barroway will serve the best interests of all derivative plaintiffs.  The

28
firm's vast experience, distinguished record of success in shareholder derivative actions,

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD
PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL
48459

8

pioneering efforts in backdated options cases, and vigorous prosecution of the instant litigation, all

militate in favor of appointing Schiffrin & Barroway as Lead Counsel.  *See*, *Manual for Complex*

*Litigation* (Fourth) §10.224 (2004) (court's responsibilities in appointing Lead Counsel include an

assessment of counsel's qualifications, experience, competence, and commitment to prosecuting

action on behalf of plaintiffs).

c.   *Schiffrin & Barroway Has Taken the Lead in*
     *Prosecuting this Litigation*

Last, Schiffrin & Barroway has vigorously advanced the course of this litigation to date.

The firm's clients, Mr. Juengling and Mr. Kelly, were the first two Atmel shareholders to file

complaints on behalf of Atmel, alleging the improper backdating of stock options.  This factor

weighs heavily in favor of appointing Schiffrin & Barroway as Lead Counsel.  *See Millman*, 2004

U.S. Dist. LEXIS 20113 at *9 (noting that subsequently filed cases used the first-filed case as a

template, which underscored the quality of the first complaint).  Moreover, Schiffrin & Barroway

has advanced the litigation in a number of other ways.  In addition to being the first to file a

complaint on behalf of Atmel and its shareholders, Schiffrin & Barroway has effectuated service of

process, drafted discovery requests, moved for its attorneys to be admitted *pro hac vice,* and hired a

forensic investigator to assist in litigation strategy.

In sum, Schiffrin & Barroway will serve the best interests of all derivative plaintiffs.

Schiffrin & Barroway's vast experience, distinguished record of success in shareholder derivative

actions, pioneering efforts in backdated options cases, and vigorous prosecution of the instant

litigation, all militate in favor of appointing the firm as Lead Counsel.

**B.   Bramson, Plutzik, Mahler & Birkhaeuser, LLP Should be**
**Appointed as Liaison Counsel**

The Manual for Complex Litigation (Fourth) (2004) §10.221, recognizes that:

> Liaison Counsel is charged with essentially administrative matters, such as
> communications between the court and other counsel (including receiving
> and distributing notices,        orders, motions, and briefs on behalf of the
> group), convening meetings of counsel, advising parties of the developments
> in the case, and otherwise assisting in the coordination of activities and
> positions. Such counsel may act for the group in managing document
> depositories and in resolving scheduling conflicts. Liaison Counsel will
> usually have offices in the same locality as the court.

1  Bramson, Plutzik, Mahler & Birkhaeuser, LLP, has participated in a number of securities

2  and shareholder derivative suits, and is particularly familiar with local rules and customs.  As such,

3  Bramson, Plutzik, Mahler & Birkhaeuser, LLP is amply suited to serve as Liaison Counsel in the

4  instant litigation.

5  ## VI.  CONCLUSION

6  For the reasons set forth above, the Court should consolidate the Related Derivative

7  Actions, appoint Messrs. Juengling and Kelly as Lead Plaintiffs, appoint Schiffrin Barroway as

8  Lead Counsel, and appoint Bramson, Plutzik, Mahler & Birkhaeuser, LLP as Liaison Counsel.

9  Dated:  August 24, 2006          BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP

10

11

12  Kathryn A. Schofield

13  Alan R. Plutzik
   L. Timothy Fisher
14  Kathryn A. Schofield
   2125 Oak Grove Road, Suite 120
15  Walnut Creek, California  94598
   Telephone:  (925) 945-0200
16  Facsimile:  (925) 945-8792

17  SCHIFFRIN & BARROWAY LLP
   Eric L. Zagar, Esq.
18  Sandra G. Smith, Esq.
   280 King of Prussia Road
19  Radnor, PA  19087
   Telephone:  (610) 667-7706
20  Facsimile:  (610) 667-7056

21  *Counsel for Plaintiffs Juengling and Kelly and
   Proposed Lead Counsel*

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD
PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL
48459

10