\*\*E-Filed 7/2/2008\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ATMEL CORPORATION DERIVATIVE LITIGATION | Case Number C 06-4592<br><br>ORDER[1] RE: CLARIFICATION |

On June 25, 2008, the Court issued an order granting in part and denying in part separate motions to dismiss filed by George and Gust Perlegos (collectively, "the Perlegos Defendants"); Mike Sisios; J. Michael Ross ("Ross"); and Atmel Corporation. The Perlegos Defendants and Ross seek clarification regarding certain aspects of the Court's order.

On its own motion, the Court struck the portions of Plaintiffs' § 10(b) and § 20(a) claims based on options granted or Form 10-Ks issued before July 21, 2001, and those portions of Plaintiff's § 14(a) claims based on proxy statements other than the statement dated March 30, 2004. In their request for clarification, the Perlegos Defendants argue that the § 14(a) claim should be dismissed against them for the same reason that the Court dismissed the §10(b) and Rule 10b-5 claim against Gust Perlegos. The Court dismissed the § 10(b) and Rule 10b-5 claim

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 06-4592
ORDER RE: CLARIFICATION
(JFLC1)

asserted against Gust Perlegos because Plaintiffs failed to plead facts sufficient to establish scienter. However, negligence is the only state of mind required to demonstrate a violation of §14(a). *In re Zoran Corp. Der. Litig.*, 511 F. Supp. 2d 986, 1015 (N.D. Cal. 2008). As the Court concluded in connection with the § 10(b) and Rule 10b-5 claim, Plaintiffs adequately have alleged scienter with respect to George Perlegos. Accordingly, the § 14(a) claim will not be dismissed against him. However, Plaintiffs allege merely that Gust Perlegos had "broad knowledge" of Atmel and received backdated options. *See* Amended Complaint ¶¶ 138, 150. Because these allegations are insufficient not only to give rise to a strong inference of scienter but also to state a claim for negligence, the § 14(a) claim against Gust Perlegos will be dismissed with leave to amend.

Ross, who was not named as a defendant in this action until Plaintiffs filed their Amended Complaint on August 21, 2007, requests that the Court clarify the applicable statute of limitations for the § 14(a) claim asserted against him. "Where an amended pleading adds a new defendant to the action, the amended pleading does not relate back to the fling of the original complaint unless the defendant 'should have known that, but for a mistake concerning identity, the action would have been brought against it.'" *In re Metropolitan Sec. Litig.*, No. CV-04-0025-FVS, 2007 WL 3274893 at *13 (E.D. Wash. Nov. 5, 2007) (citing *Louisiana-Pac. Corp. v. ASARCO, Inc.*, 5 f.3d 431, 434 (9th Cir. 1993)). Plaintiffs' original complaint makes no mention of Ross and thus did not provide him with notice that he would be named as a defendant. Accordingly, those claims asserted against Ross that are based on options granted or Forms 10-K issued before August 21, 2002, appear to be time-barred.

Ross also seeks to clarify the Court's statement that "[t]he parties do not dispute that as a General Counsel and Assistant Secretary of Atmel, Ross owed its shareholders a fiduciary duty." June 25, 2008 Order at 19. Although Ross concedes that Plaintiffs adequately have pled that he was an officer of Atmel, he explains that the issue of his status as an officer and his duty to

Case No. C 06-4592
ORDER RE: CLARIFICATION
(JFLC1)

1  shareholders is a disputed issue of fact.[2]  Although this clarification does not affect the outcome
2  of Ross's motion to dismiss, the Court will note it for the record.
3        Finally, the Court denied the motion to dismiss the corporate waste claim asserted against
4  the "Director Defendants" but granted with leave to amend the motion to dismiss corporate waste
5  claim asserted against the "Option Recipients."  Gust Perlegos, a member of both groups, seeks
6  clarification as to his status with respect to this claim.  The corporate waste claim against Gust
7  Perlegos in his capacity as a Director Defendant has not been dismissed.  Should Plaintiffs
8  amend their complaint to state an adequate corporate waste claim against the Option Recipients,
9  additional grounds for the claim against Gust Perlegos will be at issue.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the Order dated June 25, 2008 is hereby clarified as set forth above.

DATED: July 2, 2008

                                  JEREMY FOGEL
                                  United States District Judge

---

[2] Ross asserts that he was not an officer for Section 16 reporting purposes at the time of the alleged breach of fiduciary duty.

Case No. C 06-4592
ORDER RE: CLARIFICATION
(JFLC1)

This Order has been served upon the following persons:

| | |
|---|---|
| Alan R Plutzik | aplutzik@bramsonplutzik.com |
| Betsy Carol Mnifold | manifold@whafh.com |
| Emanuel Schachmurove | mshachmurove@sbtklaw.com |
| Eric L. Zagar | ezagar@sbtklaw.com |
| Francis M. Gregorek | gregorek@whafh.com |
| Kathryn Anne Schofield | kschofield@bramsonplutzik.com |
| Lawrence Timothy Fisher | ltfisher@bramsonplutzik.com |
| Marisa C. Livesay | livesay@whafh.com |
| Nichole T. Browning | nbrowning@stklaw.com |
| Rachele R. Rickert | rickert@whafh.com |
| Tara Puhua Kao | tkao@sbtklaw.com |
| Jessica oren Nall | jnall@fbm.com |
| John L. Cooper | jcooper@fbm.com |
| Brian Lawrence levine | Blevine@mofo.com |
| Darryl Paul Rains | drains@mofo.com |
| Todd L. Burlingame | burlingame@mofo.com |
| James Lawrence Pagano | paganolaw@aol.com |
| Erin l. Bansal | ebansal@orrick.com |
| Karen Julie Stambaugh | kstambaugh@orrick.com |
| Michael David Torpey | mtorpey@orrick.com |
| W. Reece Bader | wrbader@orrick.com |

4

Case No. C 06-4592
ORDER RE: CLARIFICATION
(JFLC1)