*E-FILED 3/13/2009*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re ATMEL CORPORATION DERIVATIVE LITIGATION | Master File No. CV 06-4592-JF |
| | <u>DERIVATIVE ACTION</u> |
| This Document Is Related To: | **STIPULATED CONFIDENTIALITY AGREEMENT AND [XXXXXXXX] ORDER** |
| All Actions. | Assigned to Judge Jeremy Fogel |
| | **(MODIFIED BY THE COURT)** |

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, **unless otherwise ordered by the court,** all Discovery Material shall be used solely in connection with this litigation and the preparation and trial of this action, or any appellate proceeding arising from this action, and not for any other purpose, including, without limitation, any other litigation or any business, competitive or governmental purpose or function.  As such, the Receiving Party shall not use any Discovery Material in preparation of any other litigation, and no Counsel representing a Receiving Party in this lawsuit may disclose any Discovery Material to any non-Party attorney,

including an attorney prosecuting or preparing any state litigation or another federal litigation. The parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

The Parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

   2.1    <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, Experts, and Outside Counsel (as defined in this Order).

   2.2    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, documents, electronically stored information, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3    <u>"Confidential" Information or Items</u>:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) or state or federal rights to privacy.

   2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

   2.5    <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

   2.6    <u>Producing Party</u>:  A Party or non-party that produces Disclosure or Discovery Material in this action.

  2.7  Designating Party:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

  2.8  Protected Material:  Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

  2.9  Outside Counsel:  Attorneys (and those employed by the attorneys) who are not employees of a Party but who are retained to represent or advise a Party in this action.

  2.10  House Counsel:  Attorneys who are employees of a Party.

  2.11  Counsel (without qualifier):  Outside Counsel and House Counsel, as well as those employed by respective Counsel.

  2.12  Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

  2.13  Professional Vendors:  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  SCOPE

  The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.  DURATION

  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  **For a period of six months after the final termination of this action, this court will retain jurisdiction to enforce the terms of this order.**

STIPULATED CONFIDENTIALITY AGREEMENT AND XXXXXXXX ORDER, CV 06-4592-JF  3

pa-1323699

Case 5:06-cv-04592-JF   Document 199   Filed 03/13/09   Page 4 of 16


5. DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

    If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

        (a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party clearly affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" upon each page that contains protected material.

    A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all

of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must clearly affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") upon each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Alternatively, the Party or non-party that sponsors, offers, or gives the testimony has up to forty (40) days from the receipt of the written transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the forty (40) days shall be covered by the provisions of this Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in electronic form or in any form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the media (*e.g.*, diskette, CD-ROM or DVD), container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent that a Receiving Party prints out or otherwise renders paper copies of any Protected Materials produced in electronic format, the Receiving

STIPULATED CONFIDENTIALITY AGREEMENT AND [XXXXXXX] ORDER, CV 06-4592-JF       5
pa-1323699

Party agrees to affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") upon each page that contains Protected Material.

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party in voice-to-voice dialogue; other forms of communication (*e.g.*, e-mail, letters) are not sufficient for initial communications but may be used for confirmatory purposes.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel, to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); (d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) — pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; (g) the sender, author, or recipient of the document or the original source of the information; and (h) an insurers' claims counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:  (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel, to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; (b) House Counsel of the Receiving Party; (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 7.6, below, have been followed; (d) the Court and its personnel; (e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); (f) the sender, author, or recipient of the document or the original source of the information; and (g) an insurers' claims counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.4    Use of Protected Materials At Deposition

Whenever any Protected Materials are introduced as exhibits in connection with a deposition given in this action, counsel introducing such exhibits shall provide the court reporter (and videographer, if applicable) with a copy of this Order and advise the court reporter (and videographer, if applicable) that the portions of the testimony which refer to such exhibits and the exhibits themselves shall be afforded confidential treatment pursuant to this Order.

7.5    Exceptions

Notwithstanding any other provisions of this Order, nothing in this Order shall prohibit counsel for a Party from disclosing Protected Materials to the person whom the document identifies as a sender, author, or recipient of such Protected Material (including carbon copy or blind carbon copy recipients). Furthermore, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness, without revealing any portion of the document or testimony other than that which refers to such conduct or statement, and such discussion shall not constitute disclosure within the terms of this Order.

7.6    Experts

(a)    Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that identifies the specific "HIGHLY CONFIDENTIAL" information that the Receiving Party seeks permission to disclose to the Expert. (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

1            (b)     A Receiving Party that makes the request specified in the preceding
2    paragraph may disclose the subject Protected Material to its Expert unless, within seven court
3    days of delivering the request, the Party receives a written objection from the Designating Party.
4    Any such objection must set forth in detail the grounds on which it is based.

5            (c)     A Receiving Party that receives a timely written objection must meet and
6    confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the
7    matter by agreement.  If no agreement is reached, the Receiving Party seeking to make the
8    disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance
9    with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such
10   motion must describe the circumstances with specificity, set forth in detail the reasons for which
11   the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure
12   would entail and suggest any additional means that might be used to reduce that risk.  In addition,
13   any such motion must be accompanied by a competent declaration in which the movant describes
14   the parties' efforts to resolve the matter by agreement (*i.e*., the extent and the content of the meet
15   and confer discussions) and sets forth the reasons advanced by the Designating Party for its
16   refusal to approve the disclosure.  In any such proceeding the Party opposing disclosure to the
17   Expert shall bear the burden of proving that the risk of harm that the disclosure would entail
18   (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected
19   Material to its Expert.

20   8.      MATERIALS SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION
21           If a Receiving Party is served with a subpoena or an order issued in other litigation that
22   would compel disclosure of any information or items produced in this action, the Receiving Party
23   must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event
24   more than three court days after receiving the subpoena or order.  Such notification must include
25   a copy of the subpoena or court order.  The Receiving Party also must immediately inform in
26   writing the Party who caused the subpoena or order to issue in the other litigation that some or all
27   the material covered by the subpoena or order is the subject of this Order.  In addition, the
28   Receiving Party must deliver a copy of this Order promptly to the Party in the other action that

1   caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the

2   interested parties to the existence of this Order and to afford the Designating Party in this case an

3   opportunity to try to protect its confidentiality interests in the court from which the subpoena or

4   order issued.  The Designating Party shall bear the burdens and the expenses of seeking

5   protection in that court of its confidential material – and nothing in these provisions should be

6   construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

7   directive from another court.

8   9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10  Material to any person or in any circumstance not authorized under this Order, the Receiving

11  Party must immediately (a) notify in writing the Designating Party of the unauthorized

12  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

13  person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

14  (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound"

15  that is attached hereto as Exhibit A.

16  10.   FILING PROTECTED MATERIAL

17         Without written permission from the Designating Party or a court order secured after

18  appropriate notice to all interested persons, a Receiving Party may not file in the public record in

19  this action any Protected Material.  A Party that seeks to file under seal any Protected Material

20  must comply with Civil Local Rule 79-5.

21         Privacy To address issues of privacy concerning records that are not filed under seal and

22  which may therefore be publicly-accessible, unless otherwise ordered by the Court, certain

23  personal data identifiers in pleadings and other papers shall be redacted by the filing party as

24  follows:

25         (1) Names of minor children - only initials shall be used;

26         (2) Social security numbers - only the last four digits shall be used;

27         (3) Dates of birth - only the year shall be used;

28         (4) Financial account numbers - only the last four digits shall be used;

(5) Home addresses - only the city and state shall be used;

(6) Personal phone numbers - only the area code and first three digits shall be used;

(7) Salary and bonus amounts for non-parties – only where neither the non-party nor his job title (or job class) is directly or indirectly identified;

11.  SECURITY OF PROTECTED MATERIALS

The Receiving Party shall maintain all Protected Materials in a secure and safe place, and shall exercise at least the same degree of care in handling the Protected Materials as is ordinarily exercised by the Receiving Party with respect to its own information of a similar nature, but in no event less than due care.

12.  INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

Inadvertent production of Disclosure or Discovery Materials subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege. Such inadvertently produced documents shall be returned to the Producing Party upon request. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them prior to the request to return them. Counsel for the party responsible for the disclosure shall make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Designated Information from the recipient(s) thereof. Compliance with the foregoing shall not prevent the disclosing party from seeking further relief from the Court.

13.  FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within the 60 day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that

1  affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries
2  or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this
3  provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,
4  transcripts, legal memoranda, correspondence or attorney work product, even if such materials
5  contain Protected Material.  Any such archival copies that contain or constitute Protected Material
6  remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

7  14.    MISCELLANEOUS
8        14.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to
9  seek its modification by the Court in the future.
10       14.2    Right to Assert Other Objections.  By stipulating to the entry of this Order no
11  Party waives any right it otherwise would have to object to disclosing or producing any
12  information or item on any ground not addressed in this Order.  Similarly, no Party waives any
13  right to object on any ground to use in evidence of any of the material covered by this Order.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] ORDER, CV 06-4592-JF    13
pa-1323699

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *In re Atmel Derivative Litigation*, No. 06-4592 JF (HRL) (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2 | Dated:  March 12, 2009          SCHIFFRIN, BARROWAY TOPAZ & KESSLER, LLP
3 |                                 ERIC L. ZAGAR
                                    NICHOLE BROWNING
4 |                                 TARA KAO

5 |
                                    By:    /s/ Nichole Browning
6 |                                         Nichole Browning

7 |                                         Co-Lead Counsel for Plaintiffs

8 | Dated:  March 12, 2009          WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
                                    FRANCIS M. GREGOREK
9 |                                 BETSY C. MANIFOLD
                                    FRANCIS A. BOTTINI, JR.
10|                                 RACHELE R. RICKERT
                                    MARISA C. LIVESAY
11|

12|                                 By:    /s/ Betsy C. Manifold
                                            Betsy C. Manifold
13|
                                            Co-Lead Counsel for Plaintiffs
14|
15| Dated:  March 12, 2009          MORRISON & FOERSTER LLP
                                    DARRYL P. RAINS
                                    KENNETH A. KUWAYTI
16|                                 BRIAN LEVINE

17|
                                    By:    /s/ Brian L. Levine
18|                                         Brian L. Levine

19|                                         Attorneys for Defendants Francis Barton, Kris
                                            Chellam, Donald Colvin, Pierre Fougere, Norman
20|                                         T. Hall, B. Jeffrey Katz, Chaiho Kim, Jack
                                            Peckham, Bernard Pruniaux, Steven Schumann, T.
21|                                         Peter Thomas, Graham Turner, Tsung-Ching Wu
                                            And Nominal Defendant Atmel Corporation
22|
23| Dated:  March 12, 2009          MICHAEL D. TORPEY
                                    KENNETH P. HERZINGER
                                    ANDREW M. PURDY
24|                                 KAREN J. STAMBAUGH
                                    ORRICK, HERRINGTON & SUTCLIFFE LLP
25|

26|                                 By:    /s/ Karen J. Stambaugh
                                            Karen J. Stambaugh
27|
                                            Attorneys for Defendant
28|                                         J. Michael Ross

STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] ORDER, CV 06-4592-JF          15

pa-1323699

| | | |
|---|---|---|
| 1 | Dated:  March 12, 2009 | JAMES L. PAGANO |
| | | IAN A. KASS |
| 2 | | PAGANO & KASS, APC |

By:  */s/ James L. Pagano*
          James L. Pagano

  Attorneys for Defendant
  Mikes N. Sisois

Dated:  March 12, 2009        JOHN L. COOPER
                              GRACE WON
                              JESSICA K. NALL
                              PAUL ALSDORF
                              FARELLA BRAUN + MARTELL LLP

By:  */s/ Jessica K. Nall*
          Jessica K. Nall

  Attorneys for Defendants
  George Perlegos and Gust Perlegos

    I, Brian L. Levine, am the ECF User whose ID and password are being used to file this Stipulated Confidentiality Agreement.  In compliance with General Order 45, X.B., I hereby attest that the parties have concurred in this filing.

**(AS MODIFIED BY THE COURT),**
PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  March 13, 2009

_____
XXX XXXXXX XX
UNITED STATES DISTRICT COURT JUDGE
MAGISTRATE
HOWARD R. LLOYD

STIPULATED CONFIDENTIALITY AGREEMENT AND XXXXXXXX ORDER, CV 06-4592-JF        16

pa-1323699