1   [Names and addresses of counsel
2   appear on signature page]

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   In re ATMEL CORPORATION DERIVATIVE          Master File No. CV 06-4592-JF
     LITIGATION
13

14
     This Document Related To:
15
     All Actions.
16

17

18

19

20                    **SETTLEMENT AGREEMENT**

21

22

23

24

25

26

27

28

1

**AGREEMENT**

2          This Agreement is entered into by, on behalf of, and among:  plaintiffs in the Federal

3    Action; plaintiffs in the State Actions; the Settling Defendants; and nominal party Atmel

4    Corporation.  This Agreement is intended to fully, finally, and forever resolve, discharge, and

5    settle the Settled Claims, upon and subject to the terms and conditions of this Agreement.

6    **1.       DEFINITIONS**

7          As used in this Agreement, the following terms shall have the meanings specified below:

8          1.1       "Actions" means the Federal Action and the State Actions.

9          1.2       "Agreement" means this settlement agreement, including all exhibits.

10          1.3       "Atmel" or the "Company" means Atmel Corporation and its subsidiaries.

11          1.4       "California Derivative Action" means the derivative actions now pending in the

12    Superior Court of the State of California, County of Santa Clara, consolidated under the caption

13    "*In re Atmel Corporation Derivative Litigation*," Master File No. 1-06-CV-068049.

14          1.5       "Counsel for Defendants" means the law firm of Morrison & Foerster; the law

15    firm of Farella, Braun & Martel; the law offices of James Pagano; and the law firm of Orrick,

16    Herrington & Sutcliffe.

17          1.6       "Current Atmel Shareholder(s)" means all record and beneficial owners of Atmel

18    common stock and the representatives, trustees, executors, heirs, administrators, transferees,

19    agents, successors, or assigns of all such owners, immediate or remote, in each case solely in

20    their capacities as stockholders of Atmel as of December 18, 2009.

21          1.7       "Defendants" means George Perlegos, Gust Perlegos, Mikes N. Sisois, James

22    Michael Ross, Tsung-Ching Wu, Robert Avery, Kris Chellam, Jack Peckham, T. Peter Thomas,

23    Pierre Fougere, Chaiho Kim, David Sugishita, Steven A. Laub, Norm Hall, Steven J. Schumann,

24    Graham Turner, Donald Colvin, B. Jeffrey Katz, Francis Barton, Robert G. McConnell, Bernard

25    Pruniaux, Papken Der Torossian, Jack Saltich, Charles Carinalli, and Edward Ross.

26          1.8       "Delaware Derivative Action" means the derivative action now pending in the

27    Court of Chancery of the State of Delaware, captioned  "*Govind Basnet v. Steven A. Laub, et*

28    *al.*," Civil Action No. 4399-CC.

1

1.9   "Effective Date" means the first date by which all of the events set forth in paragraphs 10.2 to 10.12 have occurred.

1.10   "Federal Action" means the derivative actions now pending in the Federal Court and consolidated under the caption "*In re Atmel Corporation Derivative Litigation*," Master File No. CV 06-4592-JF.

1.11   "Federal Court" means the United States District Court for the Northern District of California, San Jose Division.

1.12   "Federal Plaintiffs" means Patrick McWeeny, James Juengling, Kenneth Kelley, Anthony A. Noble, and Randle Smith.

1.13   "Federal Plaintiffs' Counsel" means the law firm of Barroway Topaz Kessler Meltzer & Check, LLP, and Wolf Haldenstein Adler Freeman & Herz.

1.14   "Final Federal Judgment" means the final judgment and order of dismissal in the Federal Action as provided for in paragraph 7.1.

1.15   "Final State Judgments" means the orders dismissing each of the State Actions with prejudice as provided for in paragraph 7.3.

1.16   "Non-Settling Defendant" means James Michael Ross.

1.17   "Notice of Proposed Settlement" means the Notice of Proposed Settlement provided for in paragraph 6.1 and Exhibit B.

1.18   "Parties" means the Plaintiffs, Defendants, and Atmel.

1.19   "Party" means any one of the Parties.

1.20   "Person" means any individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, trust, unincorporated association, government, or any political subdivision or agency thereof.

1.21   "Plaintiffs" means the Federal Plaintiffs and State Plaintiffs.

1.22   "Plaintiffs' Counsel" means the law firms of Barroway Topaz Kessler Meltzer & Check, LLP, Wolf Haldenstein Adler Freeman & Herz, Robbins Umeda LLP, Federman &

1   Sherwood, Coughlin Stoia Geller Rudman & Robbins LLP, Rigrodsky & Long, and Stull, Stull

2   & Brody.

3       1.23   "Preliminary Order" means the order preliminarily approving the Settlement,

4   approving the Notice of Proposed Settlement, and setting the settlement hearing as provided for

5   in paragraph 6.1 of this Agreement.

6       1.24   "Released Persons" means the Settling Defendants and each of their successors,

7   heirs, executors, administrators, assigns, spouses, attorneys, legal representatives, any entity in

8   which any Settling Defendant has an interest, and each of Atmel's past and present directors,

9   officers, agents, advisors, employees, affiliates, predecessors, parents, subsidiaries, divisions,

10  and related or affiliated entities.  Notwithstanding anything to the contrary in this Agreement,

11  Released Persons shall not include the Non-Settling Defendant or any of his successors, heirs,

12  executors, administrators, and assigns.

13      1.25   "Settled Claims" means all claims, rights, demands, causes of action, liabilities,

14  and suits of any kind whatsoever, whether known or unknown, that have been, could have been,

15  or in the future might be asserted by Atmel, by any of the Plaintiffs individually or on behalf of

16  Atmel, or by any shareholder derivatively on Atmel's behalf, based on, arising out of, or in any

17  way relating to:  Atmel's historical stock option granting practices between 1991 and 2006;

18  Atmel's restatement of its financial reports in June 2007; any of the acts, failures to act,

19  omissions, misrepresentations, transactions, occurrences, or other matters alleged in any of the

20  Actions; the subject matter of the Actions; or any public disclosure regarding Atmel's stock

21  option grants between 1991 and 2006.

22      1.26   "Settling Defendants" means George Perlegos, Gust Perlegos, Mikes N. Sisois,

23  Tsung-Ching Wu, Robert Avery, Kris Chellam, Jack Peckham, T. Peter Thomas, Pierre Fougere,

24  Chaiho Kim, David Sugishita, Steven A. Laub, Norm Hall, Steven J. Schumann, Graham Turner,

25  Donald Colvin, B. Jeffrey Katz, Francis Barton, Robert G. McConnell, Bernard Pruniaux,

26  Papken Der Torossian, Jack Saltich, Charles Carinalli, and Edward Ross.  Settling Defendants

27  does not include the Non-Settling Defendant.

28      1.27   "Settling Parties" means Plaintiffs, Settling Defendants, and Atmel.

3

1.28    "State Actions" means  (a) the derivative actions now pending in the Superior Court of the State of California, County of Santa Clara, and consolidated under the caption "*In re Atmel Corporation Derivative Litigation*," Master File No. 1-06-CV-068049; (b) the derivative action now pending in the Court of Chancery of the State of Delaware captioned "*Govind Basnet v. Steven A. Laub, et al*.," Civil Action No. 4399-CC; (c) the petition for writ of mandate to compel inspection and copying of books, records, and documents of Atmel Corporation now pending in the Superior Court of the State of California, County of Santa Clara, captioned "*Marilyn A. Poulos v. Atmel Corporation*," Case No. 1-07-CV-095929; and (d) the complaint to compel inspection of books and records now pending in the Court of Chancery of the State of Delaware captioned "*James and Jane Golden v. Atmel Corporation*," Case No. 4334-CC.

1.29    "State Courts" means the Superior Court of the State of California, County of Santa Clara, and the Court of Chancery of the State of Delaware.

1.30    "State Plaintiffs" means Mark Perlmutter, James and Jane Golden, Govind Basnet, and Marilyn Poulos.

1.31    "State Plaintiffs' Counsel" means Plaintiffs' Counsel other than Federal Plaintiffs' Counsel.

## 2.    DESCRIPTION OF THE ACTIONS

2.1    On July 25, 2006, Atmel announced that its audit committee had initiated an independent investigation "regarding the timing of Atmel stock option grants."  The investigation covered Atmel's stock option grants between March 19, 1991, and August 3, 2006. In June 2007, Atmel restated its financial statements for the periods between 1993 and 2005 by approximately $116 million.

2.2    On July 27, 2006, James Juengling filed a derivative action in the Federal Court against certain current and former officers and directors of Atmel (Action No. C06-04592). Three additional derivative actions were filed in the same court by Anthony Noble (Action No. C06-4973), Kenneth Kelley (Action No. C06-04680), and Patrick McWeeny (Action No. C08-01031).    On October 4, 2006, these actions were consolidated under the caption *In re Atmel Corp. Derivative Litig*., Master File No. CV 06-4592-JF.  Juengling, Kelley and Noble were

4

1   appointed lead plaintiffs, and Barroway Topaz Kessler Meltzer & Check, LLP, and Wolf

2   Haldenstein Adler Freeman & Herz, LLP, were appointed co-lead plaintiffs' counsel in the

3   Federal Action.

4          2.3      On November 3, 2006, plaintiffs in the Federal Action filed a consolidated

5   complaint.  The complaint alleged that the individual defendants violated accounting rules,

6   company policy, federal securities law, and state law "by intentionally manipulating Atmel stock

7   option grants between February 1994 and April 2003."  The complaint alleged that the individual

8   defendants backdated stock option grants, made false and misleading statements in Form 10-Ks,

9   Form 10-Qs, proxy statements, and Form 4s in order to conceal the backdating, engaged in

10  insider trading, and engaged in other conduct leading to Atmel's June 2007 restatement.  The

11  Federal Action brought federal securities claims under Sections 14(a), 20(a), 10(b), and Rule

12  10b-5 of the Securities Exchange Act.  It also brought claims for breach of fiduciary duty, aiding

13  and abetting, unjust enrichment, constructive fraud, corporate waste, breach of contract, and

14  violation of California Corporations Code section 25402.

15         2.4      On July 26, 2006, Mark Perlmutter filed a shareholder derivative action in the

16  Superior Court of the State of California, County of Santa Clara, against certain current and

17  former officers and directors of Atmel (Action No. 1-06-CV-068049).  On August 18, 2006,

18  Govind Basnet filed a shareholder derivative action in the same court (Action No. 1-06-CV-

19  069662).  On September 29, 2006, Lawrence William Dunst, George S. Graham, Jr., Betty M.

20  Larkin, and Victor Sands filed a shareholder derivative action in the same court (Action No. 1-

21  06-CV-072097).  These actions were consolidated as Case No. 1-06-CV-068049.  On February

22  20, 2007, Mark Perlmutter was appointed lead plaintiff and the law firm of Robbins Umeda LLP

23  was appointed lead counsel in the California Derivative Action.  On April 23, 2007, the plaintiffs

24  in the California Derivative Action filed a consolidated complaint.

25         2.5      The California Derivative Action consolidated complaint alleged that certain

26  current and former officers and directors engaged in a "scheme dating back to at least 1993 and

27  continuing to at least 2005, whereby defendants caused or allowed Atmel insiders to manipulate

28  their stock-option grant dates so as to secretly maximize their profits from the stock options."

1   The complaint also alleged that defendants violated corporate policies, accounting rules, and

2   California state law by engaging in stock option backdating and springloading, by making false

3   and misleading statements in Form 10-Ks and Form 10-Qs in order to conceal stock option

4   manipulation, and by engaging in other conduct leading to Atmel's June 2007 restatement.  The

5   complaint also alleged that, between 1996 and 2005, certain defendants engaged in illegal insider

6   trading.  The California Derivative Complaint brought common law claims for unjust

7   enrichment, breach of fiduciary duty, abuse of control, gross mismanagement, corporate waste,

8   accounting, rescission, and constructive trust.  It also brought statutory claims pursuant to

9   California Corporations Code sections 25402 and 25403.

10          2.6     On May 10, 2007, Marilyn Poulos and Lawrence Zucker made a demand on

11   Atmel's board under California Corporations Code section 1601 to inspect documents related to

12   stock option backdating.  On October 9, 2007, Marilyn Poulos brought a verified petition for writ

13   of mandate to compel inspection and copying of books, records, and documents of Atmel in the

14   Superior Court of the State of California, County of Santa Clara (Case No. 1-07-CV-095929).

15          2.7     On June 23, 2008, James and Jane Golden made a demand on Atmel's board for

16   production of certain books and records pursuant to Section 220 of the Delaware General

17   Corporation Law.  On February 5, 2009, the Goldens filed a complaint in the Court of Chancery

18   of the State of Delaware, pursuant to 8 Del. C. section 220, to compel inspection of Atmel's

19   books and records.

20          2.8     On May 21, 2008, Govind Basnet filed a request to dismiss his California

21   derivative action without prejudice.  This request was entered on May 2, 2008.  On May 21,

22   2008, Govind Basnet made a demand on Atmel's board of directors for appointment of an

23   independent committee to investigate (a) the "involvement" of the defendants in Atmel's

24   "financial reporting process and granting of stock options"; (b) "all stock options and any other

25   compensation paid to [the defendants]"; (c) "the amount of damages sustained by [Atmel] as a

26   result of the [defendants'] breaches of fiduciary duty"; (d) possible insider trading; and (e) "all

27   costs to [Atmel] associated with the various investigations of the Company."

28

6

2.9     On February 27, 2009, Mr. Basnet filed the Delaware Derivative Action (Civil Action No. 4399-CC) alleging that Atmel's board members had violated their fiduciary duties by failing to respond appropriately to his demand and by failing to take appropriate steps "to recover the damages Atmel suffered from the Individuals who engaged directly in a scheme to grant backdated stock options."

2.10    In September 2008 the Parties began to engage in settlement discussions.  On September 22, 2008, Atmel provided the Federal Plaintiffs with non-public documents in anticipation of an October 24, 2008 mediation.  Atmel has subsequently provided to both the Federal Plaintiffs and State Plaintiffs nearly 200,000 pages of documents.

2.11    On September 23, 2008, and on October 7, 2008, after reviewing both public and non-public documents produced by Atmel, Federal Plaintiffs' Counsel sent letters to counsel for Atmel demanding certain monetary relief and corporate therapeutics.

2.12    On October 24, 2008 and November 18, 2008, the Parties participated in two all-day, in-person mediations with the Honorable Layn R. Phillips (Ret.).

2.13    Over the next several months, the Parties continued to engage in extensive arm's-length settlement discussions, during which the issues were thoroughly discussed in a frank exchange of views on the merits of the claims and defenses.  Plaintiffs' Counsel conferred with Counsel for Defendants on multiple occasions to discuss monetary relief and corporate governance reforms.

2.14    On April 6, 2009, the Parties participated in a third all-day, in-person mediation with Judge Phillips.  After the third mediation, the Parties continued their negotiations with the assistance of Judge Phillips.

2.15    Notwithstanding these efforts, in June 2009 the Parties reached an impasse.  The Parties began to proceed with litigation and with discovery.

2.16    In October and November 2009, the Parties met and conferred in an effort to bridge their differences and come to a resolution of the Actions.  They discussed and negotiated the material terms of a possible settlement.

2.17    As a result of these lengthy, arm's-length settlement discussions, and with the substantial assistance of Judge Phillips as mediator, the Plaintiffs and the Settling Defendants have agreed to settle the Actions on the terms and conditions set forth in this Agreement.  Judge Phillips is familiar with the principal terms of this Agreement and has recommended to the Settling Parties that they settle the Actions on these terms.

**3.       BENEFITS OF THE SETTLEMENT**

3.1    Plaintiffs believe that the claims they have asserted in the Actions on behalf of Atmel have merit.  However, Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against the Settling Defendants through trial and through appeals.  Plaintiffs' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Actions, as well as the difficulties and delays inherent in such litigation.  Plaintiffs' Counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Actions, or that may be asserted.  Based on their evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the settlement set forth in the Agreement is in the best interests of the Plaintiffs, Atmel, and Current Atmel Shareholders.  Plaintiffs' Counsel believe that the Settlement set forth in the Agreement confers substantial benefits upon Atmel and Current Atmel Shareholders.

3.2    Settling Defendants have indicated their intent to vigorously contest each and every claim in the Actions.  Settling Defendants have consistently maintained that they acted in accordance with governing laws at all times and that they had no involvement in the alleged wrongdoing.  Settling Defendants contend that they have also compiled testimony and documentary evidence from which they are prepared to demonstrate that they had no involvement in the alleged wrongdoing.  In addition, there has been no finding whatsoever, by any court or agency, of any wrongdoing of any kind on Settling Defendants' part.

3.3    Settling Defendants nonetheless have concluded that it is in their best interests that the Actions be settled on the terms and conditions set forth in this Agreement.  Settling Defendants reached that conclusion after considering the factual and legal issues in the Actions,

the substantial benefits to Settling Defendants and to Atmel of a final resolution of the Actions, the recommendations of Judge Phillips, the expense that would be necessary to defend the Actions through trial and through any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of Settling Defendants to conduct their business unhampered by the distractions of continued litigation.  Settling Defendants believe the Agreement confers substantial benefits upon Atmel and Current Atmel Shareholders.

## 4.    NO ADMISSION OF FAULT, LIABILITY, OR WRONGDOING

4.1    Settling Defendants enter into this Agreement without in any way acknowledging any personal fault, liability, or wrongdoing of any kind.  Settling Defendants continue vigorously to deny all of the material allegations in the Actions, and assert that all claims in the Actions are completely without merit.

4.2    Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Settling Defendants of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind.

4.3    Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in a proceeding to enforce this Agreement, to defend against the assertion of the Settled Claims, or as otherwise required by law.

## 5.    CONSIDERATION FOR SETTLEMENT OF THE ACTIONS

5.1    Within ten days after entry of the Preliminary Order, the Settling Defendants shall pay or cause to be paid $9.65 million to Atmel.

5.2    The Settling Parties agree and acknowledge that Plaintiffs' filing and prosecution of the Actions, and the negotiations with Plaintiffs' Counsel, were material factors in Atmel's ability to obtain the $9.65 million in monetary settlement payments set forth in paragraph 5.1, as well as Atmel's decision to implement the corporate governance reforms set forth in paragraph

5.3.  Atmel acknowledges that these monetary settlement payments and corporate governance reforms confer substantial benefits upon Atmel and Current Atmel Shareholders.

     5.3     The Settling Parties have conducted extensive negotiations over an extended period of time and have reached agreement that, within thirty days of the Effective Date, Atmel shall, if it has not done so already, adopt the corporate governance reforms set forth below.

**Provisions Relating to Stock Options**

     a.     Pursuant to Atmel's Stock Option, RSU, and Performance Share Granting Policy ("Stock Option Policy") all stock options (including new hire and promotion grants) shall be priced as of the fifteenth day of the month on or after the approval date, or the next trading day if the market is not open on the fifteenth day of the month (for example, options with an approval date between March 16 and April 15 would have a pricing date of April 15).

     b.     With the exception of CEO-approved grants, discussed immediately below, (i) the board of directors, or the compensation committee of the board, shall approve all option grants and determine the grantees, amounts, dates, and prices of all stock options, and (ii) no additions or changes to the grantees, amounts, dates, or prices shall be made after a grant is approved without securing the prior approval of the board of directors or compensation committee of the board.

     c.     Atmel's CEO may award grants for new hires and promotions at the director level or below (excluding refresh grants) provided that these grants meet the following requirements: (a) they must be approved in advance by the Vice President of Human Resources or his or her delegate and the employee's manager; (b) they must be approved (before or after) by the Chief Legal Officer ("CLO"), or his or her delegate; (c) no more than 100,000 options may be awarded to a single individual in a single grant, and no more than 150,000 options may be awarded to any one individual in any twelve-month period; (d) grants must be consistent with the Stock Option Policy then in effect; and (e) copies of the CEO's written

approvals must be provided to the compensation committee of the board of directors on at least an annual basis.

d.      The compensation committee of the board of directors shall be comprised of independent directors who must meet NASDAQ's independence requirements, the non-employee director definition of Rule 16b-3 of the Securities Exchange Act of 1934, and the outside director definition of section 162(m) of the Internal Revenue Code of 1986.

e.      The CLO or his or her delegate shall attend any and all meetings of the board of directors or its compensation committee at which options are granted and shall make reasonable efforts to prepare minutes of any such meeting within thirty days of the date of the meeting, absent extenuating circumstances.

f.      Any options granted by unanimous written consent shall (i) expressly state the identity of each option recipient and the number of options granted to each recipient; (ii) show the name and date of approval of each director; and (iii) state the method of transmission by which each director communicated his or her written consent.

g.      Awards granted as "performance based compensation" within the meaning of section 162(m) of the tax code shall be administered by a committee of two or more independent directors.

h.      Atmel's stock option plan provides that, with the exception of options granted pursuant to a merger or other corporate transaction, the exercise prices of all stock options shall be at least 100% of the closing price of the Company's stock on the date of grant.

i.      Atmel's Stock Option Policy shall comply with applicable legal requirements.

j.      Atmel shall account properly for all stock options granted under its Stock Option Policy and create appropriate documentation of the proper accounting for those options.  Atmel will retain board committee minutes and unanimous written consents in which stock option grants are approved (including lists of the approved grants) for four years.

k.      Atmel shall regularly monitor the option process and its compliance with the Stock Option Policy using the following monitoring mechanisms:  (1) Atmel shall hold regular meetings among its stock administrator, outside counsel, and a representative of the legal department, at which questions relating to options shall be addressed; (2) Atmel shall have a Stock Administration Oversight Committee comprised of members of its finance, legal, and HR teams, and outside counsel, which will hold regular meetings to review Atmel's stock administration policies and procedures; and (3) Atmel's corporate controller or principal accounting officer shall periodically review Atmel's stock option grants.

l.      At least annually, the audit committee of the board of directors shall meet with Atmel's internal auditors and/or independent auditors to review and approve the Company's accounting for stock-based compensation, and to consider any concerns raised by such auditors regarding the Company's internal controls pertaining to stock-based compensation.

**Provisions Relating to Corporate Governance**

m.      Two-thirds (2/3) of Atmel's directors shall be independent directors.  If a board member resigns or is removed from the board, the percentage of independent directors may fall below two-thirds until a replacement has been found or the size of the board has been reduced.

n.      The Corporate Governance and Nominating Committee shall certify, by resolution, that each of the independent directors is independent.  Each

12

independent director shall notify the Corporate Governance and Nominating Committee if his or her status as an independent director has changed.

o.    In the event Atmel does not have separate independent chairman and chief executive officer positions, it will appoint a lead independent director.

p.    The compensation and audit committees of Atmel's board of directors shall have standing authorization to obtain legal or other advisors of their choice and to incur reasonable expenses in connection with obtaining services from those advisors. Those advisors shall report directly to the committee that engaged them.

q.    In the event that the Company determines to restate any of its financial reports, the audit committee or a special committee comprised of independent directors may consider whether the restatement resulted from intentional misconduct on the part of a Company officer or director.  If that committee determines that the restatement resulted from intentional misconduct by any Company officer or director, then the committee may also consider whether it would be in the Company's best interests to seek to recover that portion of any incentive payment made to such individual, pursuant to an incentive plan adopted by the board, that was expressly tied to financial performance metrics that were restated (i.e., excluding salary, board retainer fees, and other financial payments not expressly determined by the financial results that were restated).

**Effectiveness of Provisions**

r.    The corporate governance provisions set out in this agreement shall remain in effect for a minimum of three years from the date of this agreement, unless: (i) they come into conflict with any applicable state or federal statute, rule, regulation, listing standard, or case law, in which case the Company may modify the affected provisions in order to comply with the statute, rule, regulation, listing

1    standard or case law; or (ii) the Company determines they should be modified, in

2    the best interests of the Company, because of or in response to, among other

3    things, extraordinary corporate transactions or potential transactions, changes to

4    accounting rules or recommendations from the Company's internal or external

5    auditors, and/or other business, governance, litigation, risk management, or

6    liability mitigation needs.  Any determination to modify the corporate governance

7    provisions prior to the expiration of three years from the date of this agreement

8    shall: (i) be made by a majority of the independent members of the Company's

9    board of directors, and (ii) be promptly disclosed in the Company's next Form 10-

10    Q or 10-K filing, a Form 8-K filing, a press release, or on the Company's external

11    website.

**6.    ORDER APPROVING NOTICE OF PROPOSED SETTLEMENT AND SETTING SETTLEMENT HEARING**

6.1    Federal Plaintiffs' Counsel agree to apply to the Federal Court for entry of a Preliminary Order, substantially in the form of Exhibit A to this Agreement, as soon as practicable after the execution of this Agreement.

**7.    FINAL JUDGMENT AND ORDER OF DISMISSAL OF THE ACTIONS**

7.1    Federal Plaintiffs' Counsel and Counsel for Settling Defendants agree to apply to the Federal Court for entry of a Final Federal Judgment, substantially in the form of Exhibit C to this Agreement, as soon as practicable after entry of the Preliminary Order.

7.2    Within ten days after execution of this Agreement, State Plaintiffs' Counsel shall notify each of the State Courts of this Agreement and shall apply to each of the State Courts for a stay of all proceedings pending entry of the Final Federal Judgment.

7.3    Within ten days after entry of the Final Federal Judgment, State Plaintiffs' Counsel shall seek dismissal with prejudice of their respective State Actions and shall use their best efforts to secure the Final State Judgments.

1

## 8.    RELEASES

2      8.1     As of the Effective Date, Atmel, the Plaintiffs (individually and derivatively on

3  behalf of Atmel and all Current Atmel Shareholders), and the Settling Defendants shall be

4  deemed to have, and by operation of the Final Federal Judgment shall have, fully, finally, and

5  forever released and discharged the Released Persons from all Settled Claims and from all claims

6  arising out of or relating to the defense, settlement, or resolution of the Actions as against the

7  Settling Defendants.

8      8.2     As of the Effective Date, each of the Released Persons shall be deemed to have,

9  and by operation of the Final Federal Judgment shall have, fully, finally, and forever released and

10 discharged Plaintiffs and Plaintiffs' Counsel from all claims arising out of, relating to, or in

11 connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or

12 the Settled Claims.

13     8.3     The Settling Parties acknowledge that the Settled Claims may include claims,

14 rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as

15 of the Effective Date.  The Settling Parties nonetheless release all such claims against the

16 Released Persons.  The Settling Parties waive, with respect to the Settled Claims, the rights

17 afforded by California Civil Code Section 1542, which provides:

18          A general release does not extend to claims which the creditor does
            not know or suspect to exist in his or her favor at the time of
19          executing the release, which if known by him or her must have
            materially affected his or her settlement with the debtor.
20
21 The Settling Parties also waive any rights or benefits afforded by any similar statute or law of

   California or any other jurisdiction.
22
       8.4     Nothing in this Agreement shall in any way impair or restrict the rights of any of
23
   the Parties to enforce the terms of the Agreement.  In addition, nothing in this Agreement shall
24
   limit or otherwise affect the rights, if any, of any of the Defendants to receive indemnification or
25
   advancement of legal expenses arising from law and/or statute, or any existing written
26
   agreements.
27

28

1

## 9. ATTORNEYS' FEES, COSTS, AND EXPENSES

2     9.1     After negotiation of the material terms of the Settlement, Atmel's counsel and

3 Plaintiffs' Counsel engaged in an arm's-length negotiation regarding attorneys' fees, costs, and

4 reimbursement of expenses to be paid to Plaintiffs' Counsel for the substantial benefits conferred

5 upon Atmel as a part of the proposed settlement.

6     9.2     As a result of this arm's-length negotiation, Atmel has agreed to pay, subject to

7 court approval, attorneys' fees and expenses in the aggregate amount of $4.94 million.

8     9.3     The payment by Atmel of attorneys' fees and expenses pursuant to paragraph 9.2

9 shall constitute full and complete compensation for the substantial benefits provided by

10 Plaintiffs' Counsel in the Actions and shall resolve any and all claims for attorneys' fees and

11 expenses arising out of the Actions.

12     9.4     Atmel shall, within ten days after entry of the Final Federal Judgment, pay the

13 attorneys' fees and expenses provided for in paragraph 9.2 to Wolf Haldenstein and Barroway

14 Topaz as receiving agents for Plaintiffs' Counsel. Plaintiffs' Counsel shall be responsible for

15 allocation of the fees and expenses to Plaintiffs' Counsel based upon each counsel's contribution

16 to the institution, prosecution, and resolution of the Actions.

17     9.5     Upon payment of the attorneys' fees and expenses pursuant to paragraphs 9.2 and

18 9.4, neither Atmel nor the Settling Defendants shall have any further liability for payment of

19 Plaintiffs' attorneys' fees, costs, or expenses in the Actions and shall have no responsibility for,

20 and no liability whatsoever with respect to, the division or allocation of the fee award by, among,

21 or with respect to any person, entity, or law firm who may assert some claim to any attorneys'

22 fees or expenses. Except as expressly provided, Plaintiffs and Plaintiffs' Counsel shall bear their

23 own fees, costs, and expenses, and no Released Person shall assert any claim for expenses, costs,

24 or fees against any Plaintiff or Plaintiffs' Counsel.

25     9.6     Federman & Sherwood may request Court approval of an incentive fee award to

26 plaintiff Govind Basnet not to exceed the aggregate amount of $5,000.00, to be paid from money

27 set aside for the payment of Plaintiffs' Counsel's attorneys' fees and expenses as provided for in

28 paragraph 9.2. Settling Defendants and Atmel will not oppose this request.

9.7     In the event the Effective Date does not occur, or the fees and expenses payment provided for by paragraph 9.2 is not approved by the Court, each Plaintiffs' Counsel represents and warrants that it will, within ten days of written request, repay any excess amounts to Atmel. Federal Plaintiffs' Counsel agree to be jointly and severally liable for all such amounts, and State Plaintiffs' Counsel agree to be severally liable for all such amounts.

**10.     EFFECTIVE DATE OF THE SETTLEMENT**

10.1     The settlement of the Actions shall become effective on the date that all of the events set forth in paragraphs 10.2 through 10.12 have occurred.

10.2     Plaintiffs' Counsel and Counsel for the Settling Defendants have executed this Agreement.

10.3     The Federal Court shall have entered the Preliminary Order.

10.4     Atmel's board of directors shall have, in the exercise of its business judgment, approved the Agreement as fair, reasonable, and adequate, and in the best interests of Atmel and Current Atmel Shareholders, and Atmel shall have executed this Agreement.

10.5     The Settling Defendants shall have paid, or caused to be paid, $9.65 million to Atmel.

10.6     The Federal Court shall have entered the Final Federal Judgment.

10.7     Atmel shall have paid attorneys' fees and expenses to Plaintiffs' Counsel as provided in paragraph 9.2.

10.8     The State Courts each shall have entered Final State Judgments.

10.9     The time to appeal from the Final Federal Judgment, the Final State Judgments, and any interim order in the Actions shall have expired.

10.10   If any appeal is taken from the Final Federal Judgment, the Final State Judgments, or any interim order in the Actions, the appeal either shall have been dismissed or shall have resulted in affirmance of the judgment or order.

10.11   If a ruling or decision is entered by an appellate court with respect to the Final Federal Judgment, the Final State Judgments, or any interim order in the Actions, the time to petition for a writ of certiorari with respect to the ruling or decision shall have expired.

10.12   If a petition for a writ of certiorari with respect to the Final Federal Judgment, the Final State Judgments, or any interim order in the Actions is filed, the petition shall have been denied or dismissed, or, if granted, shall have resulted in affirmance of the judgment or order.

**11.      TERMINATION OF SETTLEMENT AGREEMENT**

11.1   If any of the conditions set forth in paragraphs 10.2 through 10.12 does not occur, then the Agreement shall have no further force or effect.  In that event, the Settling Parties shall revert to their respective positions as of the date immediately prior to the execution of this Agreement, as though the Agreement had never been executed.

**12.      OTHER TERMS**

12.1   The Settling Parties acknowledge that it is their intent to consummate this Agreement, and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

12.2   The Settling Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Actions. The Agreement compromises claims that are contested and shall not be deemed an admission by any of the Parties as to the merits of any claim, allegation, or defense. The Settling Parties further agree that the claims are being settled voluntarily after consultation with competent legal counsel.

12.3   This Agreement constitutes the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any of the Settling Parties concerning the Agreement other than the representations, warranties, and covenants contained and memorialized in the Agreement.

12.4   The Agreement may be amended or modified only by a written instrument signed by Plaintiffs' Counsel and Counsel for Settling Defendants.  Amendments and modifications may be made without notice to Current Atmel Shareholders unless notice is required by the Court.

12.5   The Agreement shall be subject to, governed by, and construed and enforced pursuant to, the laws of the State of Delaware.

12.6 Plaintiffs' Counsel represent that they have the full authority of each of their respective plaintiffs to execute this Agreement, and Counsel for Settling Defendants represent that they have the full authority of the Settling Defendants to execute this Agreement.

12.7 This Agreement may be executed in one or more counterparts, which together shall be deemed one original agreement. A complete set of counterparts, either originally executed or copies, shall be filed with the Court.

12.8 The Settling Parties agree that all discovery and other proceedings in the Actions shall be stayed as of the date of entry of the Preliminary Order, until further order of the Court, except as may be necessary to implement the settlement of the Actions or comply with the terms of this Agreement.

12.9 Within thirty days after the Effective Date, the Settling Parties will dispose of all documents designated confidential or highly confidential as provided for in the Stipulated Confidentiality Agreement And Order entered on March 13, 2009.

12.10 The Settling Parties agree that any rule of construction, to the effect that any ambiguities are to be construed against the drafting parties, shall not be employed in interpretation of the Agreement.

1    IN WITNESS WHEREOF, the Settling Parties, through their respective counsel, have

2  executed this agreement as of December 9, 2009.

3  Dated:  December 9, 2009              BARROWAY TOPAZ KESSLER
                                           MELTZER & CHECK, LLP
4                                        ERIC L. ZAGAR
                                         NICHOLE BROWNING
5                                        TARA KAO

6

7                                        By:  _____
                                              ERIC L. ZAGAR
8

9                                        280 King of Prussia Road
                                         Radnor, PA 19087
                                         Telephone:  (610) 667-7706
10                                       Facsimile:   (610) 667-7056

11                                       *Co-Lead Counsel for Plaintiffs Anthony A. Nobel, Patrick*
                                         *McWeeny, and James Juengling*
12

13  Dated:  December 9, 2009             WOLF HALDENSTEIN ADLER FREEMAN
                                           & HERZ LLP
14                                       FRANCIS M. GREGOREK
                                         LAWRENCE P. KOLKER
15                                       BETSY C. MANIFOLD

16

17                                       By:  _____
                                              BETSY C. MANIFOLD
18

19                                       Symphony Towers
                                         750 B Street, Suite 2770
20                                       San Diego, California 92101
                                         Telephone:  (619) 239-4599
21                                       Facsimile:   (619) 234-4599

22                                       *Co-Lead Counsel for Plaintiffs, Counsel for Anthony A.*
                                         *Nobel*

23

24

25

26

27

28

1        IN WITNESS WHEREOF, the Settling Parties, through their respective counsel, have

2  executed this agreement as of December 9, 2009.

3  Dated: December 9, 2009        BARROWAY TOPAZ KESSLER
                                  MELTZER & CHECK, LLP

4                          ERIC L. ZAGAR
                          NICHOLE BROWNING

5                          TARA KAO

6

7                          By:  _____

8                                ERIC L. ZAGAR

9                          280 King of Prussia Road
                          Radnor, PA 19087

10                       Telephone: (610) 667-7706
                       Facsimile: (610) 667-7056

11                       *Co-Lead Counsel for Plaintiffs Anthony A. Nobel, Patrick
                       McWeeny, and James Juengling*

12

13  Dated: December 9, 2009        WOLF HALDENSTEIN ADLER FREEMAN
                          & HERZ LLP

14                          FRANCIS M. GREGOREK
                         LAWRENCE P. KOLKER

15                          BETSY C. MANIFOLD

16

17                          By:  _____

18                                BETSY C. MANIFOLD

19                        Symphony Towers
                         750 B Street, Suite 2770

20                       San Diego, California 92101
                       Telephone: (619) 239-4599

21                       Facsimile: (619) 234-4599

22                       *Co-Lead Counsel for Plaintiffs, Counsel for Anthony A.
                       Nobel*

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10   Dated:  December 9, 2009

11

12

13

14

15

16

17

18   Dated:  December 9, 2009

19

20

21

22

23

24

25

26

27

28

COUGHLIN STOIA GELLER RUDMAN & ROBBINS
TRAVIS E. DOWNS III

By: _____
      TRAVIS E. DOWNS III

655 West Broadway
Suite 1900
San Diego, CA 92101
Telephone:  (619) 231-1058
Facsimile:   (619) 231-7423

*Attorneys for Plaintiff Marilyn A. Poulos*

FEDERMAN & SHERWOOD
WILLIAM B. FEDERMAN

By: _____
      WILLIAM B. FEDERMAN

10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: 405.235.1560
Facsimile: 405.239.2112

2926 Maple Avenue
Suite 200
Dallas, Texas 75201

*Attorneys for Plaintiff Govind Basnet*

1

2

3

4

5

6

7

8

9

10   Dated:  December 9, 2009

11

12

13

14

15

16

17

18   Dated:  December 9, 2009

19

20

21

22

23

24

25

26

27

28

COUGHLIN STOIA GELLER RUDMAN & ROBBINS
TRAVIS E. DOWNS III


By: _____
TRAVIS E. DOWNS III

655 West Broadway
Suite 1900
San Diego, CA 92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423

*Attorneys for Plaintiff Marilyn A. Poulos*


FEDERMAN & SHERWOOD
WILLIAM B. FEDERMAN


By: _____
WILLIAM B. FEDERMAN

10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: 405.235.1560
Facsimile: 405.239.2112

2926 Maple Avenue
Suite 200
Dallas, Texas 75201

*Attorneys for Plaintiff Govind Basnet*

1    Dated:  December 9, 2009          ROBBINS UMEDA, LLP
                                       BRIAN J. ROBBINS
2                                      MARC M. UMEDA

3

4                                      By:  _____
                                            MARC M. UMEDA
5

6                                      600 B Street, Suite 1900
                                       San Diego, CA 92101
7                                      Telephone:  (619) 525-3990
                                       Facsimile:  (619) 525-3991

8                                      *Lead Counsel for Plaintiffs in the California Derivative*
                                       *Action*
9

10   Dated:  December 9, 2009          RIGRODSKY & LONG, P.A.
                                       SETH D. RIGRODSKY
11                                     BRIAN D. LONG

12

13                                     By:  _____
                                            BRIAN D. LONG
14

15                                     919 North Market Street, Suite 980
                                       Wilmington, DE 19801
16                                     Telephone:  (302) 295-5310
                                       Facsimile:  (302) 654-7530

17                                     STULL, STULL & BRODY
                                       AARON L. BRODY
18                                     6 East 45th Street
                                       New York, NY 10017
19                                     Telephone: (212) 687-7230
                                       Facsimile: (212) 490-2022
20

21                                     *Attorneys for Plaintiffs James and Jane Golden*

22

23

24

25

26

27

28

1    Dated:  December 9, 2009          ROBBINS UMEDA, LLP
                                       BRIAN J. ROBBINS
2                                      MARC M. UMEDA

3

4                                      By:    _____
                                                MARC M. UMEDA
5
                                       600 B Street, Suite 1900
6                                      San Diego, CA 92101
                                       Telephone:  (619) 525-3990
7                                      Facsimile:  (619) 525-3991

8                                      *Lead Counsel for Plaintiffs in the California Derivative*
                                       *Action*
9

10   Dated:  December 9, 2009          RIGRODSKY & LONG, P.A.
                                       SETH D. RIGRODSKY
11                                     BRIAN D. LONG

12

13                                     By:    _____
                                                BRIAN D. LONG
14
                                       919 North Market Street, Suite 980
15                                     Wilmington, DE 19801
                                       Telephone:  (302) 295-5310
16                                     Facsimile:  (302) 654-7530

17                                     STULL, STULL & BRODY
                                       AARON L. BRODY
18                                     6 East 45th Street
                                       New York, NY 10017
19                                     Telephone: (212) 687-7230
                                       Facsimile: (212) 490-2022
20

21                                     *Attorneys for Plaintiffs James and Jane Golden*

22

23

24

25

26

27

28
     SETTLEMENT AGREEMENT                         21
     CASE NO. 06-04592 JF
     pa-1370865

1    Dated:  December 9, 2009                MORRISON & FOERSTER LLP
                                             DARRYL P. RAINS
2                                            KENNETH A. KUWAYTI
                                             BRIAN LEVINE
3

4
                                             By:  _____
5                                                  DARRYL P. RAINS

6                                            755 Page Mill Road
                                             Palo Alto, California  94304-1018
7                                            Telephone: (650) 813-5600
                                             Facsimile: (650) 494-0792
8
                                             *Attorneys for Defendants Tsung-Ching Wu, Robert Avery,*
9                                            *Kris Chellam, Jack Peckham, T. Peter Thomas, Pierre*
                                             *Fougere, Chaiho Kim, David Sugishita, Steven A. Laub,*
10                                           *Norm Hall, Steven J. Schumann, Graham Turner, Donald*
                                             *Colvin, B. Jeffrey Katz, Francis Barton, Robert G.*
11                                           *McConnell, Bernard Pruniaux, Papken Der Torossian,*
                                             *Jack Saltich, Charles Carinalli, Edward Ross, and*
12                                           *Nominal Defendant Atmel Corporation*

13
     Dated:  December 9, 2009                FARELLA BRAUN & MARTELL LLP
14                                           JOHN L. COOPER
                                             GRACE K. WON
15                                           JESSICA K. NALL
                                             PAUL ALSDORF
16

17
                                             By:  _____
18                                                  JOHN L. COOPER

19                                           Russ Building, 30th Floor
                                             235 Montgomery Street
20                                           San Francisco, CA 94104
                                             Telephone:  (415) 954-4400
21                                           Facsimile:   (415) 954-4480

22                                           *Attorneys for Defendants Gust Perlegos*
                                             *and George Perlegos*

23

24

25

26

27

28

1  Dated:  December 9, 2009

2

3

4

5

6

7

8

9

10

11

12

13  Dated:  December 9, 2009

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORRISON & FOERSTER LLP
DARRYL P. RAINS
KENNETH A. KUWAYTI
BRIAN LEVINE


By: _____
      DARRYL P. RAINS

755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

*Attorneys for Defendants Tsung-Ching Wu, Robert Avery,
Kris Chellam, Jack Peckham, T. Peter Thomas, Pierre
Fougere, Chaiho Kim, David Sugishita, Steven A. Laub,
Norm Hall, Steven J. Schumann, Graham Turner, Donald
Colvin, B. Jeffrey Katz, Francis Barton, Robert G.
McConnell, Bernard Pruniaux, Papken Der Torossian,
Jack Saltich, Charles Carinalli, Edward Ross, and
Nominal Defendant Atmel Corporation*

FARELLA BRAUN & MARTELL LLP
JOHN L. COOPER
GRACE K. WON
JESSICA K. NALL
PAUL ALSDORF

By:  *John L Cooper*
      JOHN L. COOPER

Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:   (415) 954-4480

*Attorneys for Defendants Gust Perlegos
and George Perlegos*

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on December 11, 2009, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-

4

mail addresses denoted on the attached Electronic Mail Notice List.

5

     I certify under penalty of perjury under the laws of the United States of America that the

6

foregoing is true and correct. Executed on December 11, 2009.

7

8

                /s/ Nichole Browning

9

                NICHOLE BROWNING
                BARROWAY TOPAZ KESSLER

10

                 MELTZER & CHECK, LLP
                580 California Street, Suite 1750

11

                San Francisco, CA 94104
                Telephone: (415) 400-3004

12

                Facsimile: (415) 400-3001

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 5:06-cv-04592-JF

# Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lily Irene Becker**
  lbecker@orrick.com
- **Nichole T. Browning**
  nbrowning@btkmc.com
- **Todd L. Burlingame**
  burlingame@mofo.com
- **John L. Cooper**
  jcooper@fbm.com,brestivo@fbm.com,calendar@fbm.com
- **Lawrence Timothy Fisher**
  ltfisher@bramsonplutzik.com,moldenburg@bramsonplutzik.com
- **Francis M. Gregorek**
  gregorek@whafh.com
- **Kenneth P. Herzinger**
  kherzinger@orrick.com,bclarke@orrick.com
- **Tara Puhua Kao**
  tkao@sbtklaw.com,der_filings@sbtklaw.com
- **Brian Lawrence Levine**
  BLevine@mofo.com,vvandergrift@mofo.com
- **Marisa C. Livesay**
  livesay@whafh.com
- **Betsy Carol Manifold**
  manifold@whafh.com
- **Jessica Koren Nall**
  jnall@fbm.com,calendar@fbm.com,bheuss@fbm.com
- **James Lawrence Pagano**
  paganolaw@aol.com
- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com
- **Andrew Michael Purdy**
  apurdy@orrick.com
- **Darryl Paul Rains**
  drains@mofo.com,dgillis@mofo.com
- **Rachele R. Rickert**
  rickert@whafh.com
- **Amy M. Ross**
  aross@orrick.com
- **Kathryn Anne Schofield**
  kschofield@bramsonplutzik.com,moldenburg@bramsonplutzik.com
- **Emanuel Shachmurove**
  mshachmurove@sbtklaw.com

- **Karen Julie Stambaugh**
  kstambaugh@orrick.com,gjohnson@orrick.com
- **Michael David Torpey**
  mtorpey@orrick.com
- **Eric L. Zagar**
  ezagar@btkmc.com,rwinchester@btkmc.com,tkao@btkmc.com,der_filings@btkmc.com,dalbert@btkmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`