1

2

3

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

** E-filed January 29, 2010 **

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re ATMEL CORPORATION
DERIVATIVE LITIGATION

No. C06-04592 JF (HRL)

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL**

**[Re: Docket No. 237]**

_____/

This litigation is a shareholder derivative action against nominal defendant Atmel

Corporation ("Atmel") and several individual defendants relating to alleged improper backdating of

Atmel stock options.  Defendant J. Michael Ross, Atmel's former General Counsel, now moves to

compel production of several categories of documents and an updated privilege log.  Atmel opposes

the motion.  Upon consideration of the motion papers, the arguments presented at the hearing, and

the parties' joint status report, this court grants Ross's motion in part and denies it in part.

**DISCUSSION**

**A.     Historical and New Documents**

The court held a hearing on this motion on December 22, 2009.  At the hearing, the court

ordered the parties to meet and confer to develop a set of search terms and custodian lists that both

parties would find satisfactory to address Ross's request for production of additional documents for

both the "historical" period (those generated from January 1, 1997 to July 31, 2006) and the "new"

period (those generated from July 31, 2006 to June 27, 2007).  Pursuant to that order, the parties

**United States District Court**
For the Northern District of California

1    submitted a joint status report to the court on January 29, 2010 that detailed their meet and confer

2    efforts.  In the joint report, Ross indicates that he withdraws his motion as to additional searches for

3    both "historical" and "new" documents at this time.  Accordingly, the court DENIES AS MOOT his

4    motion as to these requests.

5    **B.**      **Restatement Documents and Document Retention Policies**

6        Ross also moves to compel documents relating to Atmel's financial restatements, document

7    retention policies, and nonprivileged document preservation notices.  At the motion hearing, the

8    parties confirmed that Atmel had made appropriate production for these categories and would be

9    updating its privilege log to reflect notices it withheld on privilege grounds.  As a result, the court

10    DENIES AS MOOT Ross's motion as to these requests.

11    **C.**      **Privilege Log**

12        In the joint report, the parties represent that Atmel will update its privilege log by January

13    29, 2010.  To the extent this has not occurred, the court GRANTS Ross's motion for an updated

14    privilege log.  Furthermore, the court GRANTS Ross's request that the court require Atmel to

15    update its privilege logs within thirty days of any subsequent production.

16    **D.**      **Travel Investigation and Proxy Fight Documents**

17        Before Atmel initiated its investigation into stock option backdating, it investigated

18    allegations that some of its executives were using company money for personal travel expenses.

19    After this investigation, Atmel terminated Ross's employment as it found he had misused such

20    travel funds.  Atmel also terminated its Chief Executive Officer, George Perlegos, for similar

21    reasons.  Four days after the travel investigation ended, Atmel announced its investigation into stock

22    option backdating using the same outside counsel that had just recommended Ross's and Perlegos's

23    terminations.  Perlegos then instituted a proxy fight for control of Atmel's board, which he later

24    withdrew during the course of the stock option backdating investigation.

25        Ross moves to compel production of all documents relating to the travel investigation and

26    proxy fight.  Atmel argues that these requests are irrelevant because such "documents have nothing

27    to do with stock options or the subject matter of this litigation."  (Opp'n 5.)  Ross counters that the

28    travel investigation documents might show that Atmel was biased against him during the later

backdating investigation.  He also argues that the proxy documents could show that Atmel was motivated to blame him and Perlegos in the backdating investigation in order to discredit Perlegos during the proxy fight.

Ross has failed to convince the court that his speculative interest in the travel investigation and proxy fight documents are relevant or likely to produce admissible evidence in this case, which focuses on Ross's participation, or lack thereof, in stock option backdating.  Ross alleges generally that Atmel was biased against him during the stock option backdating investigation.  Yet evidence of that alleged bias would surely appear in documents pertaining to the stock option investigation at issue in this case—documents that Ross already has—instead of in documents for the earlier, unrelated travel investigation or in documents for a proxy fight that did not involve Ross at all. Consequently, Ross's motion as to the travel investigation and proxy fight documents is DENIED.

**IT IS SO ORDERED.**

Dated: January 29, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

3

1  **C 06-04592 JF (HRL) Notice will be electronically mailed to:**

2  Alan Roth Plutzik         aplutzik@bramsonplutzik.com
   Amy M. Ross                 aross@orrick.com
3  Andrew Michael Purdy     apurdy@pldlawyers.com
   Betsy Carol Manifold      manifold@whafh.com
4  Brian Lawrence Levine     BLevine@mofo.com, vvandergrift@mofo.com
   Darryl Paul Rains         drains@mofo.com, dgillis@mofo.com
5  Emanuel Shachmurove    mshachmurove@sbtklaw.com
   Eric L. Zagar              ezagar@btkmc.com, dalbert@btkmc.com, der_filings@btkmc.com,
6                                 rwinchester@btkmc.com, tkao@btkmc.com
   Francis M. Gregorek      gregorek@whafh.com
7  James Lawrence Pagano    paganolaw@aol.com
   Jessica Koren Nall       jnall@fbm.com, bheuss@fbm.com, calendar@fbm.com
8  John L. Cooper           jcooper@fbm.com, brestivo@fbm.com, calendar@fbm.com
   Karen Julie Stambaugh   kstambaugh@orrick.com, gjohnson@orrick.com
9  Kathryn Anne Schofield   kschofield@bramsonplutzik.com, moldenburg@bramsonplutzik.com
   Kenneth P. Herzinger    kherzinger@orrick.com, bclarke@orrick.com
10 Lawrence Timothy Fisher  ltfisher@bramsonplutzik.com, moldenburg@bramsonplutzik.com
   Lily Irene Becker         lbecker@orrick.com
11 Marisa C. Livesay       livesay@whafh.com
   Michael David Torpey    mtorpey@orrick.com
12 Nichole T. Browning     nbrowning@btkmc.com, shebard@btkmc.com
   Rachele R. Rickert      rickert@whafh.com
13 Tara Puhua Kao          tkao@sbtklaw.com, der_filings@sbtklaw.com

14 Todd L. Burlingame     burlingame@mofo.com
   **Counsel are responsible for distributing copies of this document to co-counsel who have not**
15 **registered for e-filing under the court's CM/ECF program.**

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California