**\*E-FILED 02-03-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re ATMEL CORPORATION DERIVATIVE LITIGATION | No. C06-04592 JF (HRL) |
| | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |
| | **[Re: Docket No. 271]** |
| _____ / | |

     This is a shareholder derivative action for alleged improper backdating of stock options. Defendant J. Michael Ross wishes to depose 47 individuals and entities. Plaintiffs move for a protective order precluding him from doing so. Nominal defendant Atmel Corporation and other individual defendants join in plaintiffs' motion.[1] Ross opposes the motion. This matter is deemed suitable for determination without oral argument, and the February 9, 2010 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion in part and denies it in part.

     Absent leave of court or stipulation of the parties, a party may not take more than ten depositions. FED. R. CIV. P. 30(a)(2)(A)(i). A party seeking leave to take more depositions must make a "particularized showing" why the discovery is necessary. See Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999);

---

     [1] Ross' request to strike the joinder is denied. Even if the joinder had not been filed, this court's decision would be the same.

see also Authentic, Inc. v. Atrua Technologies, Inc., No. C08-1423PJH, 2008 WL 5120767 * 1 (N.D. Cal., Dec. 4, 2008) ("A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery."). Although the scope of discovery under the Federal Rules is broad, it is not unfettered. A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. FED. R. CIV. P. 26(b)(2)(C)(i)-(iii).

In this case, Ross has not yet taken any depositions. While he has identified 47 individuals and entities he would like to depose, and made broad statements as to the purported relevance of their testimony, Ross has not made a particularized showing as to why he needs to depose them all, or why the discovery sought from each deponent would not be unreasonably cumulative or duplicative. Moreover, the parties advise that everyone (except Ross) has agreed to a settlement, and this court finds Ross' assertions as to the complexity of this litigation to be somewhat overstated. Nevertheless, although plaintiffs believe that Ross should be required to first exhaust the 10-deposition limit, they agree that it would be reasonable to permit him to take up to 20 depositions. After weighing competing legitimate interests and possible prejudice, this court will permit Ross to take up to 22 depositions, without prejudice to seek leave to conduct more upon a showing of particularized need. However, Ross is advised that in any such future application, he must present more than an invitation for this court to rule upon generalities rather than a solid, detailed showing.

SO ORDERED.

Dated: February 3, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:06-cv-04592-JF Notice has been electronically mailed to:

Alan Roth Plutzik aplutzik@bramsonplutzik.com

Amy M. Ross aross@orrick.com

Andrew Michael Purdy apurdy@pldlawyers.com

Betsy Carol Manifold manifold@whafh.com

Brian Lawrence Levine BLevine@mofo.com, vvandergrift@mofo.com

Darryl Paul Rains drains@mofo.com, dgillis@mofo.com

Emanuel Shachmurove mshachmurove@sbtklaw.com

Eric L. Zagar ezagar@btkmc.com, dalbert@btkmc.com, der_filings@btkmc.com, rwinchester@btkmc.com, tkao@btkmc.com

Francis M. Gregorek gregorek@whafh.com

James Lawrence Pagano paganolaw@aol.com

Jessica Koren Nall jnall@fbm.com, bheuss@fbm.com, calendar@fbm.com

John L. Cooper jcooper@fbm.com, brestivo@fbm.com, calendar@fbm.com

Karen Julie Stambaugh kstambaugh@orrick.com, gjohnson@orrick.com

Kathryn Anne Schofield kschofield@bramsonplutzik.com, moldenburg@bramsonplutzik.com

Kenneth P. Herzinger kherzinger@orrick.com, bclarke@orrick.com

Lawrence Timothy Fisher ltfisher@bramsonplutzik.com, moldenburg@bramsonplutzik.com

Lily Irene Becker lbecker@orrick.com

Marisa C. Livesay livesay@whafh.com

Michael David Torpey mtorpey@orrick.com

Nichole T. Browning nbrowning@btkmc.com, shebard@btkmc.com

Rachele R. Rickert rickert@whafh.com

Tara Puhua Kao tkao@sbtklaw.com, der_filings@sbtklaw.com

Todd L. Burlingame burlingame@mofo.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.