1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

**\*E-FILED 02-03-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re ATMEL CORPORATION DERIVATIVE
LITIGATION

No. C06-04592 JF (HRL)

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER**

**[Re: Docket No. 271]**

_____/

This is a shareholder derivative action for alleged improper backdating of stock options.
Defendant J. Michael Ross wishes to depose 47 individuals and entities.  Plaintiffs move for a
protective order precluding him from doing so.  Nominal defendant Atmel Corporation and
other individual defendants join in plaintiffs' motion.[1]  Ross opposes the motion.  This matter is
deemed suitable for determination without oral argument, and the February 9, 2010 hearing is
vacated.  Civ. L.R. 7-1(b).  Upon consideration of the moving and responding papers, this court
grants the motion in part and denies it in part.

Absent leave of court or stipulation of the parties, a party may not take more than ten
depositions.  FED. R. CIV. P. 30(a)(2)(A)(i).  A party seeking leave to take more depositions
must make a "particularized showing" why the discovery is necessary.  See Archer Daniels
Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999);

---

[1]     Ross' request to strike the joinder is denied.  Even if the joinder had not been
filed, this court's decision would be the same.

**United States District Court**
For the Northern District of California

1   see also Authentic, Inc. v. Atrua Technologies, Inc., No. C08-1423PJH, 2008 WL 5120767 * 1

2   (N.D. Cal., Dec. 4, 2008) ("A party seeking to exceed the presumptive number of depositions

3   must make a particularized showing of the need for the additional discovery.").  Although the

4   scope of discovery under the Federal Rules is broad, it is not unfettered.  A court must limit the

5   extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably

6   cumulative or duplicative or can be  obtained from a source that is more convenient, less

7   burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to

8   obtain the information through discovery; or (c) the burden or expense of the discovery sought

9   outweighs its likely benefit, considering the needs of the case, the amount in controversy, the

10  parties' resources, the importance of the issues at stake, and the importance of the discovery in

11  resolving those issues.  FED. R. CIV. P. 26(b)(2)(C)(i)-(iii).

12          In this case, Ross has not yet taken any depositions.  While he has identified 47

13  individuals and entities he would like to depose, and made broad statements as to the purported

14  relevance of their testimony, Ross has not made a particularized showing as to why he needs to

15  depose them all, or why the discovery sought from each deponent would not be unreasonably

16  cumulative or duplicative.  Moreover, the parties advise that everyone (except Ross) has agreed

17  to a settlement, and this court finds Ross' assertions as to the complexity of this litigation to be

18  somewhat overstated.  Nevertheless, although plaintiffs believe that Ross should be required to

19  first exhaust the 10-deposition limit, they agree that it would be reasonable to permit him to

20  take up to 20 depositions.  After weighing competing legitimate interests and possible

21  prejudice, this court will permit Ross to take up to 22 depositions, without prejudice to seek

22  leave to conduct more upon a showing of particularized need.  However, Ross is advised that in

23  any such future application, he must present more than an invitation for this court to rule upon

24  generalities rather than a solid, detailed showing.

25          SO ORDERED.

26  Dated:    February 3, 2010

27                                                          _____
                                                            HOWARD R. LLOYD
28                                                          UNITED STATES MAGISTRATE JUDGE

1    5:06-cv-04592-JF Notice has been electronically mailed to:

2    Alan Roth Plutzik aplutzik@bramsonplutzik.com

3    Amy M. Ross aross@orrick.com

4    Andrew Michael Purdy apurdy@pldlawyers.com

5    Betsy Carol Manifold manifold@whafh.com

6    Brian Lawrence Levine BLevine@mofo.com, vvandergrift@mofo.com

7    Darryl Paul Rains drains@mofo.com, dgillis@mofo.com

8    Emanuel Shachmurove mshachmurove@sbtklaw.com

9    Eric L. Zagar ezagar@btkmc.com, dalbert@btkmc.com, der_filings@btkmc.com,
     rwinchester@btkmc.com, tkao@btkmc.com
10
     Francis M. Gregorek gregorek@whafh.com
11
     James Lawrence Pagano paganolaw@aol.com
12
     Jessica Koren Nall jnall@fbm.com, bheuss@fbm.com, calendar@fbm.com
13
     John L. Cooper jcooper@fbm.com, brestivo@fbm.com, calendar@fbm.com
14
     Karen Julie Stambaugh kstambaugh@orrick.com, gjohnson@orrick.com
15
     Kathryn Anne Schofield kschofield@bramsonplutzik.com, moldenburg@bramsonplutzik.com
16
     Kenneth P. Herzinger kherzinger@orrick.com, bclarke@orrick.com
17
     Lawrence Timothy Fisher ltfisher@bramsonplutzik.com, moldenburg@bramsonplutzik.com
18
     Lily Irene Becker lbecker@orrick.com
19
     Marisa C. Livesay livesay@whafh.com
20
     Michael David Torpey mtorpey@orrick.com
21
     Nichole T. Browning nbrowning@btkmc.com, shebard@btkmc.com
22
     Rachele R. Rickert rickert@whafh.com
23
     Tara Puhua Kao tkao@sbtklaw.com, der_filings@sbtklaw.com
24
     Todd L. Burlingame burlingame@mofo.com
25

26   Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.
27

28

United States District Court
For the Northern District of California

3