**E-Filed 3/31/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE ATMEL CORPORATION DERIVATIVE LITIGATION | Master File No. C 06-4592 JF (HRL) <br><br> <u>DERIVATIVE ACTION</u> <br><br> **SETTLEMENT AGREEMENT** |

[~~PROPOSED~~] FINAL FEDERAL JUDGMENT
AND ORDER OF DISMISSAL

---

[~~PROPOSED~~] FINAL FEDERAL JUDGMENT AND ORDER OF DISMISSAL - MASTER FILE NO. 06-4592 JF (HRL)

1  This matter came on for hearing on <u>March 26</u>, 2010.  The Court has considered the Settlement Agreement (the "Agreement") and all oral and written objections and comments received regarding the proposed settlement, and has reviewed the record in the Federal Action. Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Federal Judgement and Order of Dismissal of the Federal Action, adopts the definitions set forth in paragraphs 1.1 through 1.31 of the Agreement.

2. The Court has jurisdiction over the subject matter of the Federal Action and personal jurisdiction over the Federal Plaintiffs, all Current Atmel Shareholders, Atmel, and the Defendants.

3. During the course of the litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

4. The Court finds that the distribution of the Notice of Proposed Settlement as provided for in the Preliminary Order constituted the best notice practicable under the circumstances and fully complied with Rule 23.1 of the Federal Rules of Civil Procedure and the United States Constitution, and the requirements of due process under state law.

5. The Court approves the settlement of the Actions as set forth in the Agreement as fair, reasonable, and adequate to all Current Atmel Shareholders pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.  The Settling Parties are hereby ordered to consummate the settlement in accordance with its terms set forth in the Agreement.

6. As to all Settling Defendants, the Federal Action is dismissed on the merits and with prejudice.  The Federal Action is not dismissed as to the Non-Settling Defendant.

7. As of the Effective Date, Atmel, the Plaintiffs (individually and derivatively on behalf of Atmel and all Current Atmel Shareholders), and the Settling Defendants

shall be deemed to have, and by operation of this judgment shall have, fully, finally, and forever released and discharged the Released Persons from all Settled Claims and from all claims arising out of or relating to the defense, settlement, or resolution of the actions as against the Settling Defendants.

8. As of the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this judgment shall have, fully, finally, and forever released and discharged Plaintiffs and Plaintiffs' Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims.

9. Plaintiffs, Atmel, and Current Atmel Shareholders are permanently barred and enjoined from instituting or prosecuting, in any capacity, any action or proceeding against any of the Released Persons that involves or asserts any of the Settled Claims.

10. As of the Effective Date, the Settling Defendants, the Non-Settling Defendant, and all other persons and entities shall be deemed to be, and by operation of this judgment shall be, permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting against any of the Settling Defendants any claim for contribution or indemnity that is related to, based upon, or arises out of the Settled Claims, regardless of whether such claim for contribution or indemnity is asserted as a claim, cross-claim, counterclaim, third-party claim, or in any other manner, in any court, arbitration, administrative agency, or forum. All such claims are hereby extinguished, discharged, satisfied, and unenforceable.

The approval for this settlement and this bar order shall not be construed as precluding the Non-Settling Defendant from enforcing any judgment reduction, credit or setoff right otherwise available to him under the PSLRA or other applicable law.

11. This Order shall not limit or otherwise affect the rights, if any, of any of the Defendants (a) to receive indemnification or advancement of legal expenses

arising from law and/or statute, or any existing written agreements, or (b) to enforce the terms of this Agreement.

12. The Court reserves exclusive and continuing jurisdiction over the Federal Action, the Federal Plaintiffs, all Current Atmel Shareholders, Atmel, and the Settling Defendants for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Preliminary Order, and this Judgment.

13. Neither this Final Federal Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this judgment, to defend against the assertion of the Settled Claims, or as otherwise required by law.

DATED: March 31, 2010

_____
JEREMY FOGEL
United States District Judge
